Argued June 20, reversed July 27, petition for rehearing denied
August 23, petition for review denied September 26, 1972

MEYER, *Respondent, v.* MEYER (No. 19344),
*Appellant.*
499 P2d 823

*Allen L. Fallgren,* Portland, argued the cause and
filed the brief for appellant.

*George V. VanNatta,* St. Helens, argued the cause

for respondent. With him on the brief were VanNatta & Petersen, St. Helens.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Irene Meyer, plaintiff in a divorce decree dated March 26, 1962 (and treated in the trial court as the date of entry thereof, although no evidence is in the record as to the latter) was awarded $20,000 lump sum alimony against Marvin Meyer, defendant. Pertinent parts of the decree provided:

> "* * * [T]he plaintiff is entitled to a lump sum alimony in the sum of $20,000, payable on or before ten years following the entry of the decree * * *.

> "NOW, THEREFORE, it is * * * DECREED * * *:

> "* * * * *

> "* * * That the plaintiff * * * is, awarded a lump sum alimony in the sum of $20,000, to be paid * * * not later than ten years from the effective date of this decree * * *."

Some date prior to August 27, 1971 defendant apparently paid $20,000 to the clerk of the court in satisfaction of this provision of the decree. The case has come to us on a narrative statement (ORS 19.088) which is quite inadequate. Nothing in the record and exhibits before us is a record, evidence or agreement of the date of the entry of the divorce decree, the date of payment of the $20,000, or even that the $20,000 was paid. Inasmuch as these matters all must have been subjects of agreement between the parties and known by the trial court, we are proceeding to a determination

of the matter as though they were included in the narrative statement. On August 27, 1971 plaintiff filed an action in Columbia County circuit court seeking a declaration that interest at 6 per cent per annum is due from March 26, 1962 on the $20,000. The cause was placed at issue and on trial the court held that the interest requested by plaintiff is due. Defendant appeals.

ORS 82.010 provides:

"(1) The legal rate of interest is 6 percent per annum and is payable on:

"* * * * * *

"(b) Judgments and decrees for the payment of money from the date of the entry thereof *unless some other date is specified therein* * * *." (Emphasis supplied.)

Was the specification in the decree that the $20,000 should be paid "on or before" and "not later than" ten years from "entry" or "effective date" (synonymous terms) of the decree a specification of "some other date" than the date of the decree? Certainly, it specified a final, ascertainable date as of the signing and entry of the decree, namely, the date that fell exactly ten years thereafter.

Under a somewhat similar statute the Iowa Supreme Court held in *Arnold v. Arnold,* 258 Iowa 850, 855, 140 NW2d 874 (1966), that:

"* * * fixed awards of money for child support, alimony, and property settlement draw interest * * * from the date each such payment *becomes due* and owing * * *." (Emphasis supplied.)

In a case representing the general rule, *Fenner, Beane & Ungerleider v. Donosky,* 62 SW2d 269, 273

(Tex Civ App 1933), it was held that the term "on or before" is in common use to designate the time at which the expressly reserved right to pay before maturity ends and the right to demand payment arises. *See also* cases collected in 29 Words & Phrases 460 (1940), and 10 CJS 740, Bills and Notes § 246 (1938).

The term "not later than" appears to have been interpreted synonymously with "on or before," or "within" in this context. *Highway Commission v. Fisch-Or*, 241 Or 412, 399 P2d 1011, 406 P2d 539 (1965), 28A Words & Phrases 440 (1955). The uniform commercial code accords a similar definition to such language. ORS 73.1090.

Plaintiff contends that *Weiss and Hamilton v. Gumbert*, 191 Or 119, 140-43, 227 P2d 812, 228 P2d 800 (1951), is authority to support the trial court's judgment in the case at bar. There, the court was deciding when a sum of money deposited to bind the sale of a business became due to the depositor when the sale did not materialize, and interest started to run upon it under what is now ORS 82.010(1)(a). Here the question involves when money became due under the award of a decree and interest started, if at all, to run upon it under ORS 82.010(1)(b). The case is not in point.

■ The obligation to pay the $20,000 award under the decree matured March 26, 1972. Inasmuch as it appears that it must have been paid sometime before that date, no interest is owing or collectible upon the principal.

■ Plaintiff has requested attorney fees in this proceeding, but has not pointed out satisfactory authority for such an award; hence, we deny the request.

Reversed.