In re the Marriage of Diana J.
MERICKEL, Petitioner,
Appellant,

v.

Theodore J. MERICKEL, Respondent.

No. C8–86–1538.

Court of Appeals of Minnesota.

Feb. 24, 1987.

Louis M. Reidenberg, Michael Ormond, Reidenberg & Ormond, Minneapolis, for appellant.

L. Michael Hall, James Lavoie, L. Michael Hall, P.A., St. Cloud, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

PARKER, Judge.

This appeal is from a post-dissolution order awarding various items of personal property to the husband and denying the wife's motion to recover accrued interest on a property settlement. We affirm in part and remand in part.

## FACTS

The marriage of Diana and Theodore Merickel was dissolved on June 14, 1983. The dissolution decree, which was entered pursuant to the parties' stipulation, provided *inter alia* that Theodore Merickel would be awarded his personal items of clothing and jewelry and that Diana Merickel would be awarded the homestead premises. The decree further provided that

> all other personal property * * * shall belong to the party having present possession of said property and * * * the other party shall have no right, title, interest or equity in and to said personal property.

During the default hearing, Theodore Merickel expressly waived any claim to personal property not awarded to him under the decree, even though the trial court advised him that as a result, Diana Merickel would

be under no obligation to deliver additional personal items to him.

The decree also awarded Diana Merickel a property settlement of $35,000, to be paid within ten days of the entry of the decree. Theodore Merickel paid her the $35,000 without interest on August 15, 1985, more than two years after it was due. Upon receipt of the payment, Diana Merickel did not execute or deliver a satisfaction of judgment to Theodore Merickel or file a satisfaction of that portion of the judgment and decree with the court administrator.

On June 5, 1986, Theodore Merickel filed a motion seeking permission to remove various items of personal property from the homestead premises, which Diana Merickel had taken pursuant to the decree. These items included a disassembled 1966 Corvette, parts for the Corvette and other cars, additional tools and items located in the garage, and guns and a gun cabinet located in the house. At the time of the divorce decree, Diana Merickel had been in possession of all of these items.

Diana Merickel filed a counter-motion seeking a judgment for $6,636.08 for interest on the $35,000 property award during the two years it had remained unpaid. The court issued an order granting Theodore Merickel's motion and denying Diana Merickel's motion, without findings of fact, conclusions of law or memorandum, and she appeals.

### ISSUES

1. Did the trial court properly grant Theodore Merickel's motion allowing him to recover various items of personal property from Diana Merickel's premises?

2. Did the trial court err in denying Diana Merickel's motion for judgment for interest during the period her property settlement award remained unpaid?

### DISCUSSION

#### I

Diana Merickel does not dispute Theodore Merickel's right to the Corvette and its parts. Because she was in possession of the remaining disputed property at the time of the decree, however, she contends the court erred in awarding the additional property to him.

Normally, all divisions of real and personal marital property are final and may not be modified. Minn.Stat. § 518.64, subd. 2 (Supp.1985).[1] Theodore Merickel argues that the trial court was not modifying the original property division, but was merely interpreting it because the decree was ambiguous. *See Koecher v. Koecher,* 374 N.W.2d 542, 546 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Nov. 25, 1985) (trial court may interpret ambiguous judgment). Because the trial court failed to issue findings or conclusions, we have no way of knowing whether this was in fact the basis of its decision. If the court found the original decree ambiguous, it did not identify the ambiguities or state the basis on which they were resolved. "This court cannot review an order amending a decree of divorce if there are no findings of fact to show the basis for the order." *Lemley v. Lemley,* 290 Minn. 525, 526, 187 N.W.2d 136 (1971). We therefore remand to the trial court that portion of its order awarding the disputed property to Theodore Merickel, with directions to enter findings of fact explaining its actions.

#### II

Although Diana Merickel is clearly entitled to interest on the $35,000 property settlement under *Riley v. Riley,* 385 N.W.2d 883, 888 (Minn.Ct.App.1986), she is not entitled to a separate judgment for the interest. Because Theodore Merickel did not pay interest when he paid the $35,000 over two years later, Diana Merickel continues to have a judgment against him, and the statute provides for interest. Minn. Stat. § 549.09, subd. 2 (1984). The remedies normally available to a judgment credi-

1. The statute provides that "[e]xcept for an award of the right of occupancy of the homestead * * * all divisions of real and personal property * * * shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." No such conditions exist here.

tor are still available to her. There was no reason for the trial court to award her a separate judgment for the interest. We affirm that portion of the trial court order denying Diana Merickel's claim for interest.

### DECISION

The portion of the trial court's August 13, 1986, order awarding the disassembled 1966 Corvette and its parts to Theodore Merickel (paragraph 1 of the order) is affirmed. The portion of the order awarding additional items of disputed personal property to him (paragraphs 2–4) is remanded for appropriate findings of fact. The portion of the order setting forth the manner in which he is to remove his property from Diana Merickel's premises (paragraph 5) is affirmed as to the Corvette and its parts only, pending final disposition of the remaining property. The portion of the order denying Diana Merickel's motion for a judgment for interest on her unsatisfied judgment against Theodore Merickel (paragraph 6) is affirmed.

Affirmed in part and remanded in part.