## In re OBJECTIONS AND DEFENSES TO REAL PROPERTY TAXES FOR THE 1985 ASSESSMENT.

## REGENCY CONDOMINIUM ASSOCIATION, Petitioner-Relator,

v.

## STATE of Minnesota, COUNTY OF RAMSEY, Respondent-Respondent.

### No. CX–86–1573.

Supreme Court of Minnesota.

Aug. 14, 1987.

John M. Gendler, Douglas J. Shiell, Minneapolis, for Regency Condo. Ass'n.

Tom Foley, County Atty., David MacMillan, Asst. County Atty., St. Paul, for Ramsey County.

## OPINION

COYNE, Justice.

We review on certiorari the decision of the tax court declaring that petitioner Regency Condominium Association lacks standing to bring a single action to determine the validity of its claim that the Regency, a condominium which comprises 94 units, has been unfairly, inequitably, and unequally assessed at a valuation greater than its real value. We reverse.

A condominium is real estate, portions of which are designated as units for separate ownership and the remainder of which is designated for common ownership solely by the owners of the units; undivided interest in the common elements must be vested in the unit owner. Minn.Stat. § 515A.1–103(7) (1986). Condominium, as a form of property ownership, is authorized and regulated by statute. Minn.Stat. chaps. 515 and 515A (1986). A condominium is managed by a unit owners association. The membership in the association consists exclusively of unit owners, and all unit owners must belong to the association. Minn.Stat. § 515A.3–101 (1986). One of the powers conferred by statute on the unit owners association is the right to institute litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the condominium. Minn.Stat. § 515A.3–102(a)(4) (1986).

Standing to bring an action may, of course, be conferred by statute, *see Minnesota Public Interest Research Group v. Minnesota Department of Labor and Industry*, 311 Minn. 65, 73, 249 N.W.2d 437, 441 (1976). It is apparent from a reading of section 515A.3–102(a)(4) that the legislature has determined that a unit owners association is a proper party to bring an action in its own name whenever (1) it asserts a claim in its own right, or (2) when it asserts on behalf of two or more unit holders a claim which the unit owners could assert in their own right.

The issue before us, however, is not merely whether the Regency association is a proper party to request adjudication of the claim that the condominium has been unfairly assessed. The issue is whether the association can protest the valuation of the entire condominium in one action by serving and filing two copies of a single

petition upon the payment of a single filing fee.[1]

Minn.Stat. § 278.01, subd. 1 (1986), authorizes an action to determine the validity of a defense or objection to a tax on land:

> Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed in comparison with other property in the city or county, or that the parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid, or that the property is exempt from the tax so levied, may have the validity of the claim, defense, or objection determined by the district court of the county in which the tax is levied or by the tax court * * *.

Minn.Stat. § 278.02 sets out the circumstances in which a petition may include more than one parcel: "Several parcels of land in or upon which the petitioner has an estate, right, title, interest, or lien may be included in the same petition."

Pursuant to Minn.Stat. § 515A.3–115(a) (1986) the association "has a lien on a unit for any assessment levied against that unit from the time the assessment becomes payable." The lien may be foreclosed as if it were a lien under a mortgage containing a power of sale. The lien is perfected on recording of the declaration creating the condominium and no further recordation of any claim of lien for assessment is required. Minn.Stat. § 515A.3–115(c) (1986). The Regency association's by-laws provide for the levy of annual assessments in December of each year payable in equal monthly installments beginning with January 1 and provide that the annual assessments are a lien on each unit on January 1 of the year following the levy.

Accordingly, the association, as the holder of a lien on each parcel of the condomin-

ium, has standing in its own right to bring an action pursuant to section 278.01 and to include in its one petition all parcels on which it has a lien. Section 278.02.

Despite the association's status as lienor, the tax court was of the opinion that because the association is not obligated to pay the taxes on the several parcels which make up the condominium and because foreclosure of its lien is only remotely possible, the association lacked the "vital interest" which the tax court considered essential to standing. In *International Harvester Co. v. State*, 200 Minn. 242, 245, 274 N.W. 217, 218 (1937), we held that a lessee who was bound by the terms of the lease to pay the real estate taxes had a "vital interest" to protect and, therefore, had standing under section 278.01 to challenge the assessment. While broad and somewhat amorphous terms such as "interest" and "right" necessitate judicial definition, "lien" is a clearly defined term. A lien is a hold or claim which one person has on the property of another as security for a debt or charge; it is a charge upon property for the payment of a debt. *E.g., Gau v. Hyland*, 230 Minn. 235, 240, 41 N.W.2d 444, 448 (1950). The assumption that the amount of the debt or the likelihood of foreclosure is germane to a lienor's standing to bring an action under section 278.01 is, we believe, the fundamental error in the tax court's analysis. In the words of the United States Supreme Court:

> Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' * * * Where, however, Congress has authorized public officials to perform cer-

1. The clerk of the district court of Ramsey County, the county in which Regency Condominium is situated, refused to accept the petition of Regency Condominium Association for filing until the association had paid a filing fee of $3,008, an amount equal to the fee payable for filing 94 petitions—a separate petition for each unit in the condominium. The county has agreed to refund $2,970 if it should be determined that Regency may bring one action protesting the valuation of the entire condominium.

tain functions according to law, and has provided by statute for judicial review of those actions under certain circumstances, the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff.

*Sierra Club v. Morton,* 405 U.S. 727, 732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). *See also Minnesota Public Interest Research Group v. Minnesota Department of Labor and Industry,* 311 Minn. 65, 249 N.W.2d 437, 441 (1976). The legislature has determined that a lienor is a proper party to request an adjudication of the validity of objection to the valuation on which land is assessed. Where, as here, the parcels are unquestionably related to each other and justice, as well as judicial economy, is served by determining objections to the taxation of the entire condominium in one proceeding, we see no reason to impose qualifications beyond those imposed by the legislature.

We hold, therefore, that Regency Condominium Association has standing to bring an action pursuant to Minn.Stat. § 278.01 (1986) and to include in a single petition some or all parcels on which it holds a lien.

Reversed.