Maxine K. DICK, Plaintiff
and Appellee,

v.

Keith W. DICK, Defendant
and Appellant.

Civ. No. 880075.

Supreme Court of North Dakota.

Jan. 9, 1989.

Serkland, Lundberg, Erickson, Marcil &
McLean, Ltd., Fargo, for plaintiff and ap-
pellee; argued by Brad A. Sinclair.

Colin A. Bailey (argued), Wahpeton, for
defendant and appellant.

LEVINE, Justice.

This appeal presents the question wheth-
er interest accrues on a monetary award in
a divorce judgment where the judgment is
silent as to interest. We hold that it does
and we affirm.

Keith Dick and Maxine Dick were divorc-
ed in 1986. As part of the property distri-
bution in the divorce judgment, Keith was
ordered to pay Maxine $86,165 by January
1, 1987. Maxine appealed, challenging the
property and spousal support awards, and
we affirmed. *See Dick v. Dick,* 414 N.W.
2d 288 (N.D.1987).

During the pendency of the appeal, Keith
paid Maxine monthly installments as stipu-
lated by the parties. In December, 1987,
Keith still owed Maxine $76,165 of her
monetary property award. On December
18, 1987, Maxine applied to the court for an
order to show cause why Keith should not
be held in contempt for his failure to com-
ply with the original divorce decree.

Following a hearing, the trial court is-
sued its memorandum opinion, order for
judgment, and judgment, awarding Maxine
$76,165 plus interest from January 1, 1987,
the date the lump sum cash payment was
originally due. Keith appealed, asserting
that, because the original divorce judgment
did not specifically award interest, the trial
court could not award interest on the lump
sum cash payment.[1]

---

1. We were informed at oral argument that Keith
has paid Maxine the remaining principal, and
that only the disputed interest remains due.

The determinative issue on appeal is whether the original divorce judgment was a judgment which accrued interest under Section 28–20–34, N.D.C.C.:

"*Interest rate on judgments.* Interest shall be payable on judgments recovered in the courts of this state.... [I]f the action resulting in the judgment was not based upon an instrument, interest shall be payable at the rate of twelve percent per annum and shall not be compounded in any manner or form."

Courts in other jurisdictions construing similar statutes have held them applicable to divorce judgments. For example, in *Arnold v. Arnold*, 258 Iowa 850, 140 N.W.2d 874 (1966), a case markedly similar to this case, a husband appealed from a supplemental judgment following an appeal from the original divorce judgment, challenging an award of interest. Construing an Iowa statute providing that interest is to be allowed on all money due on judgments and decrees, the court stated:

"It is at once apparent this statute makes no distinction between judgments entered in law actions and those entered in equity cases. Furthermore, we find no basis for differentiation....

"In fact, past pronouncements by this court affirmatively disclose any lawful monetary award made in the final determination of a divorce action has the essential qualities of a judgment and may be enforced by execution....

"We are satisfied fixed awards of money for child support, alimony, and property settlement draw interest at five percent per annum from date of judgment, or in case of specified periodic payments from the date each such payment becomes due and owing.... Furthermore this rule applies even though the judgment itself fails to make reference to the matter of interest...." *Arnold v. Arnold, supra,* 140 N.W.2d at 877 (citations omitted).

Similarly, the Court of Appeals of Minnesota has construed a similar statute to require payment of interest on cash awards for property distribution in a divorce judgment, stating: "We find no reason to distinguish an award of money in a dissolution action from judgments for the recovery of money in other types of cases." *Riley v. Riley,* 385 N.W.2d 883, 888 (Minn.Ct.App. 1986). The court specifically noted that the non-paying spouse had deprived the wife of the amount awarded by the trial court for over a year. *Riley v. Riley, supra,* 385 N.W.2d at 888.

Numerous other cases are in accord. *See, e.g., Morgan v. Morgan,* 445 So.2d 297, 299 (Ala.Civ.App.1983); *Merickel v. Merickel,* 401 N.W.2d 90, 91 (Minn.Ct.App. 1987); *Knudson v. Knudson,* 622 P.2d 1025, 1027 (Mont.1981); *Kullbom v. Kullbom,* 215 Neb. 148, 337 N.W.2d 731, 732 (1983); *Meyer v. Meyer,* 10 Or.App. 371, 499 P.2d 823, 824 (1972); *Dasher v. Dasher,* 374 Pa.Super. 96, 542 A.2d 164 (1988); *Watt v. Watt,* 312 N.W.2d 707 (S.D.1981). *See also* cases collected in Annot., 33 A.L. R.2d 1455 § 2 (1954) (interest allowed on lump sum alimony in a divorce judgment).

Although the precise issue raised in this case is apparently one of first impression in North Dakota, we have previously addressed the equitable powers of a trial court to award interest in a divorce action. In *Rudel v. Rudel,* 279 N.W.2d 651 (N.D. 1979), the husband was required to pay a cash settlement of $40,000 and $152,476 in fifteen annual installments. The trial court further ordered that interest on these amounts would begin to run from the date of the trial. In rejecting the husband's assertion that interest could only commence upon service of the notice of entry of judgment, rather than from the date of trial, we stated that "the trial judge's requirement that the interest commence with the date of the trial [was] merely one method of adjusting the equities in the case." *Rudel v. Rudel, supra,* 279 N.W.2d at 656. We noted that the husband had been afforded the use and benefit of the farm land and machinery for the one year period between trial and the entry of judgment. Based upon the circumstances presented, we upheld the trial court's award of interest from the date of trial.

In *Klitzke v. Klitzke,* 308 N.W.2d 385 (N.D.1981), the husband was ordered to

pay the wife $19,800 plus seven percent interest in amortized payments. The husband asserted that the trial court was without authority to award interest at a rate greater than the legal rate, six percent, specified in Section 47–14–05, N.D.C.C. We held that Section 47–14–05 "is not a limitation upon the court's authority to make an equitable distribution of property in a divorce case." *Klitzke v. Klitzke, supra,* 308 N.W.2d at 390. *See also Hirschkorn v. Severson,* 319 N.W.2d 475, 480 (N.D.1982).

▪ *Rudel* and *Klitzke* establish that a trial court has broad authority in a divorce action to provide for the payment of interest in order to achieve an equitable distribution of the property. *See also Fleck v. Fleck,* 427 N.W.2d 355, 359–360 (N.D.1988) (trial court may refuse to award interest on a lump-sum cash award, payable at a future date, which is part of the distribution of property). The court is not limited to awarding interest at the legal rate specified in Section 47–14–05, but the court may award interest at any appropriate rate, commencing on any appropriate date, or may deny interest altogether.

▪ If, however, the judgment contains no reference to interest on a monetary award constituting division of property, Section 28–20–34, N.D.C.C., comes into play, and the award draws interest at the statutory rate for judgments. We further conclude that, where the trial court specifies a future date when a lump sum payment is due, interest accrues on the judgment from that date. *See Riley v. Riley, supra,* 385 N.W.2d at 888; *Meyer v. Meyer, supra,* 499 P.2d at 824. This is consistent with the general rule that interest on unpaid installments of alimony accrues on the date they become due. *See Morgan v. Morgan, supra,* 445 So.2d at 299; *Arnold v. Arnold, supra,* 140 N.W.2d at 877, and cases collected in Annot., 33 A.L.R.2d 1455 § 3 (1954). We therefore conclude that the trial court was authorized under Section 28–20–34 to award interest on the cash award from January 1, 1987, the date it was due.

▪ Keith has asserted that Maxine's previous appeal somehow affects her right to collect interest on the judgment during the pendency of the appeal. We have held, pursuant to Section 28–20–34, N.D.C.C., that an appeal does not toll the accrual of interest, and a judgment affirmed on appeal bears interest at the statutory rate from the date of its original entry. *Geier v. Tjaden,* 84 N.W.2d 582, 583 (N.D.1957). In addition, Rule 37, N.D.R.App.P., provides that "if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the trial court." Any perceived inequity in allowing an appealing party to collect interest during the pendency of an unsuccessful appeal is ameliorated by the ability of the appellee to tender the amount of the judgment into court and thereby stop the accrual of interest. *See Morgan v. Morgan, supra,* 445 So.2d at 300.

Keith asserts that he was financially unable to tender the amount of the judgment into court to stop the accrual of interest because his liquid assets were pledged as security for farm loans. Keith failed to present evidence to the trial court regarding his alleged financial inability to make a tender, and we therefore will not consider this argument on appeal.

We have fully considered the other issues raised by Keith and they do not affect our decision. The judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.