**Sheila Ann MEAD, Plaintiff–Appellant,**

v.

**Brent MEAD, Defendant–Appellee.**

**No. 91–2697.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided Sept. 9, 1992.

Joseph A. Wentzell, Minneapolis, Minn., argued, for plaintiff-appellant.

Edward W. Bergquist, Minneapolis, Minn., argued, for defendant-appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Sheila Ann Mead, a Chapter 13 debtor in bankruptcy, urges us to conclude that she may use § 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f), to avoid a lien on her Minnesota homestead granted to Brent Mead in a 1977 divorce decree and reinstated by a 1987 judgment in a fraud suit. The issue is governed by the Supreme Court's recent decision in *Farrey v. Sanderfoot,* — U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). We conclude that the original amount of the reinstated lien is not avoidable.

On June 6, 1977, pursuant to a stipulation between Brent and Sheila Mead, the Hennepin County District Court entered a Judgment and Decree in their contested divorce proceeding that provided in relevant part:

> 4. The homestead of the parties ... is hereby awarded to respondent [Sheila], subject to a lien in favor of petitioner [Brent] which shall be computed as follows: As of November 1, 1979, petitioner shall be entitled to 60 percent of the net equity in the home.... The parties ... shall make every effort to [sell the home at that time].... In the event the home is not to be sold when the lien of the petitioner shall mature on November 1, 1979, and the parties are unable to agree upon the reasonable market value of the property, then each party shall engage a real estate appraiser to determine the reasonable market value.... Upon the entry of the Judgment and Decree herein, petitioner shall execute and deliver a Quit Claim Deed to respondent conveying title to said property to respondent, subject to the lien in favor of petitioner.

On December 28, 1978, Brent signed a quit claim deed conveying to Sheila his lienholder interest in the property. In December 1987, following a jury verdict declaring that Brent had signed the 1978 deed because of fraud or misrepresentation by Sheila, the Hennepin County District Court entered a judgment providing in relevant part:

> Findings of Fact ... 4. The parties have stipulated that 60% of the value of the parties' homestead as of November 1, 1979 was $25,000.00.
>
> Conclusions of Law ... 1. That ... Plaintiff Brent J. Mead is entitled to Judgment in his favor against Defendant Sheila A. Mead in the amount of $25,000 plus simple interest at the judgment rate from November 1, 1979.
>
> 2. That the Judgment ... shall reinstate the lien in favor of Plaintiff Brent J. Mead created by the ... Judgment and Decree filed June 6, 1977 ... and the lien shall be in the amount described in Conclusion of Law No. 1.

On May 22, 1989, Sheila commenced this Chapter 13 bankruptcy proceeding, still owning the property as her homestead. She filed a motion to nullify the reinstated lien under § 522(f), which permits a debtor

to "avoid the fixing" of any judicial lien that "impairs an exemption to which the debtor would have been entitled," such as the homestead exemption.[1] The bankruptcy court denied that motion, the district court affirmed, and Sheila now appeals to this court. We have jurisdiction under 28 U.S.C. § 158(d).

*Farrey v. Sanderfoot* also involved a lien on a homestead created by the parties' divorce decree. The Supreme Court held that a debtor may avoid the fixing of a lien on a property interest under § 522(f) only if the debtor possessed that interest before the lien attached to it, which is a question of state law. —— U.S. at ——–——, 111 S.Ct. at 1830–31. The debtor in *Farrey* conceded that his property interest was created by the same divorce decree that granted his ex-wife her lien. Because he did not possess this interest before the lien attached, the Supreme Court held that debtor could not avoid that lien under § 522(f).

■ In this case, Sheila concedes that she could not avoid the lien created by the 1977 divorce decree under § 522(f) as construed in *Farrey*.[2] She argues, however, that the 1978 quit claim deed extinguished the lien created by the divorce decree, and that the lien at issue in the present suit is a new lien created by the 1987 judgment in the fraud suit. When the 1987 lien was imposed, Sheila owned the property interest to which the lien attached. Therefore, Sheila concludes, we are confronted with a judicial lien on a pre-existing property interest that she may avoid under § 522(f). We disagree.

A lien is "a charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37); *see In re Objections and Defenses to Real Property Taxes*, 410 N.W.2d 321, 323 (Minn.1987); *Gau v. Hyland*, 230 Minn. 235, 240, 41 N.W.2d 444, 448 (1950).

The 1977 divorce decree lien secured the amount of money Sheila owed Brent as a result of the division of their marital assets. The 1978 quit claim deed extinguished that debt. Because the quit claim was induced by fraud, the 1987 judgment revived the debt and "reinstate[d]" the 1977 lien. Thus, to this extent at least, the lien imposed by the 1987 judgment secured the same debt as the lien imposed by the 1977 divorce decree.

■ It is widely recognized that a court of equity may set aside real property conveyances on the ground of fraud in their inducement. 12A C.J.S. *Cancellation of Instruments* § 34 (1980). The Minnesota Supreme Court has recognized that "a court in equity, in a proper case, [may] reinstate a satisfied mortgage or other lien upon real estate, when it appears to have been ... procured by fraud." *Errett v. Wheeler*, 109 Minn. 157, 163, 123 N.W. 414 (1909). Such a remedy is rescissional in nature. "The effect of the remedy of rescission is generally to so extinguish a rescinded contract so effectively that in contemplation of law it has never had existence." *Chase Manhattan Bank, N.A. v. Clusiau Sales and Rental, Inc.*, 308 N.W.2d 490, 494 (Minn.1981). Thus, we conclude that, under Minnesota law, we must give the reinstated lien the same protection against § 522(f) avoidance that the original 1977 lien would have had. Any other result would allow Sheila to use the Bankruptcy Code to shelter her profit from fraud.

This does not end the case, however, for Sheila also argues that the district court erred in refusing to avoid that portion of the lien that secures pre-judgment interest on the 1987 fraud judgment. Brent urges us to affirm the district court because Minnesota law provides for interest on property awards in divorce decrees. *See Riley v. Riley*, 385 N.W.2d 883 (Minn.App.

---

1. Section 522(b) provides that debtor may exempt any property that is exempt under state law. Minnesota law provides that the homestead of a debtor shall "be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon." Minn.Stat. § 510.01.

2. Sheila's concession means we need not reach the question whether § 522(f) may be used to avoid that portion of a divorce decree lien that fixes on the debtor's pre-existing interest in marital property. *Cf. Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984) (under Minnesota law both spouses have pre-existing undivided property rights in the marital home which may be enforced by a divorce decree lien).

1986). This issue requires close examination of the 1977 decree.

The 1977 divorce decree lien secured a debt in a specific amount—sixty percent of the property's net equity value as of November 1, 1979—which the parties later agreed was $25,000. Had Sheila neither sold the property nor paid this amount on that date, Brent could have foreclosed his lien. Had he failed to foreclose, the lien would have continued to exist, but the debt secured by the lien would not have increased. Therefore, when the 1987 judgment fixed the amount secured by the lien at $25,000 *plus simple interest from November 1, 1979*, it did not simply reinstate the 1977 lien. It also enhanced that 1977 lien to include an additional remedy for Sheila's subsequent fraud. To that extent, it was a new judicial lien that attached after Sheila acquired her interest in the property. Therefore, under *Farrey*, that portion of the lien is avoidable under § 522(f).

Therefore, we hold that Brent has a lien in the amount of $25,000 on the property that is not avoidable under § 522(f). Beyond that amount, the lien is avoidable. The case is remanded for further proceedings consistent with this opinion.