Argued and submitted January 28, affirmed March 9, 1994

In the Matter of the Marriage of

Darlene EUBANKS,
*Respondent,*
*and*

Billie Joe EUBANKS,
*Appellant.*

(79-6-59; CA A80087)

870 P2d 248

Thomas A. Bittner argued the cause for appellant. With him on the brief were Susan H. Williams and Schulte, Anderson, DeFrancq, Downes & Carter, P.C.

John Bassett argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Husband appeals from an order renewing his money judgment against wife. *See* ORS 18.360. He argues that the court erred when it ordered that the renewed judgment did not include accrued interest from the date that the judgment was initially entered. We affirm.

In a stipulated judgment of dissolution entered in 1983, husband was awarded a money judgment of $10,000 against wife. The judgment provides, in part:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioner is awarded the family home * * *. Petitioner is required to pay Respondent a lump sum of $10,000.00 on or before 10 years from the date of this Decree of Dissolution of Marriage, and Respondent shall have judgment against Petitioner for said lump sum of $10,000.00."

In 1993, husband filed a motion to renew the judgment and requested that the renewed judgment include interest from the date the judgment was entered in 1983. The trial court held that husband was not entitled to interest from 1983.

Husband relies on *former* ORS 82.010(3),[1] which provided:

"Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. Interest on a judgment or decree under this subsection accrues from the date of the entry of the judgment *unless the judgment specifies another date.*" (Emphasis supplied.)

He argues that, "because the judgment in this case does not specify that interest would accrue from any other date, it accrues as a matter of law from the date of entry."

In *Meyer and Meyer*, 10 Or App 371, 499 P2d 823, *rev den* (1972), we rejected an identical argument by the wife with regard to a "lump sum" spousal support payment of $20,000 owing from husband. As does the judgment here, the judgment in *Meyer* provided, in part:

" '* * * [T]he plaintiff is entitled to a lump sum alimony in the sum of $20,000, payable *on or before* ten years following the entry of the decree * * *.

---

[1] ORS 82.010(3) was renumbered ORS 82.010(2) and amended by Oregon Laws 1987, chapter 873, section 26.

" 'NOW, THEREFORE, it is * * * DECREED * * *:

" '* * * * *

" '* * * That the plaintiff * * * is, awarded a *lump sum* alimony in the sum of $20,000, to be paid * * * not later than ten years from the effective date of this decree * * *.' " 10 Or App at 372. (Emphasis supplied.)

We characterized the issue in this way:

"Was the specification in the decree that the $20,000 should be paid 'on or before' and 'not later than' ten years from 'entry' or 'effective date' (synonymous terms) of the decree a specification of 'some other date' than the date of the decree? Certainly, it specified a final ascertainable date as of the signing and entry of the decree, namely, the date that fell exactly ten years thereafter." 10 Or App at 373.

We held:[2]

"The obligation to pay the $20,000 award under the decree matured March 26, 1972. Inasmuch as it appears that it must have been paid sometime before that date, no interest is owing or collectible upon the principal." 10 Or App at 374.

Here, as in *Meyer*, there was an agreement to pay a "lump sum" of money "on or before ten years" from the date of the judgment. Accordingly, although the judgment gave husband the right to $10,000, he did not have the right to collect it until after the end of the tenth year. The court correctly held that interest did not begin to accrue until wife failed to pay at the end of the tenth year.

Affirmed.

---

[2] We decided *Meyer* under the 1971 version of *former* ORS 82.010, which provided:

"(1) The legal rate of interest is 6 percent per annum and is payable on:

"* * * * *

"(b) Judgments and decrees for the payment of money from the date of entry thereof unless some other date is specified therein * * *."