*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0553**

In re the Marriage of: Michelle Beth Kremer, Petitioner,
Appellant,

vs.

Robbie Michael Kremer,
Respondent.

**Filed January 2, 2024
Affirmed
Larkin, Judge**

Nobles County District Court
File No. 53-FA-10-425

William J. Wetering, Hedeen, Hughes & Wetering, Worthington, Minnesota (for appellant)

Daniel M. Eaton, Waypoint Law PLLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Florey, Judge.*

**NONPRECEDENTIAL OPINION**

**LARKIN**, Judge

In this dispute following the dissolution of the parties' marriage, appellant-wife challenges the district court's declaratory judgment, which established that she is not

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

entitled to interest on her marital lien and attorney-fee award, or reimbursement for a payment she made on a debt in respondent-husband's bankruptcy proceeding. We affirm.

## FACTS

This is the third appeal to this court stemming from the underlying dissolution proceeding. On May 28, 2015, the district court issued a judgment and decree addressing the issues of marital property, spousal maintenance, and attorney fees. The decree awarded appellant Michelle Beth Kremer (wife) $750,000, which was secured by a marital lien on real estate held by respondent Robbie Michael Kremer (husband). The decree did not provide a date by which husband was required to pay the award or satisfy the lien. And the decree did not order interest on the award or lien. The decree also awarded wife attorney fees in the amount of $168,000. The decree did not provide a date by which husband was required to pay that award, and it did not order interest on the award.

Because husband filed for Chapter 7 bankruptcy in December 2019, the amounts ordered for the lien and attorney-fee awards were never reduced to a money judgment. One of the debts in the bankruptcy proceeding was a judgment owed to an attorney. Wife agreed to pay that attorney $70,000 out of the proceeds that she was to receive from the sale of husband's real estate.

Husband paid the $168,000 attorney-fee award in December 2020. Husband paid wife $750,000 in satisfaction of the marital lien in October 2022. During the course of the underlying matter, wife's attorney repeatedly claimed that wife was entitled to interest on her marital lien, that wife's attorney was entitled to interest on the attorney-fee award, and that wife was entitled to repayment of the $70,000 she paid on the attorney debt in the

2

bankruptcy proceeding. Husband moved the district court for a declaratory judgment to resolve those issues. *See* Minn. Stat. § 555.01 (2022) ("Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."). The district court granted husband's request for declaratory judgment, declaring that wife was not entitled to interest on her marital lien, that wife's attorney was not entitled to interest on the attorney-fee award, and that wife did not have a basis in law to seek reimbursement from husband for the $70,000 payment she made on the attorney debt in husband's bankruptcy proceeding.

Wife appeals.

## DECISION

Wife contends that the district court erred by granting husband's request for declaratory judgment. Wife has the burden to establish that the district court erred. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 237 N.W.2d 76, 78 (Minn. 1975) (stating that on appeal, a party seeking relief must establish both an error and prejudice). We review de novo a district court's decision regarding whether to grant interest under Minn. Stat. § 549.09 (2014).[1] *See Redleaf v. Redleaf*, 807 N.W.2d 731, 733 (Minn. App. 2011) (stating that we review application of section 549.09 de novo); *Hogenson v. Hogenson*, 852 N.W.2d 266, 272 (Minn. App. 2014) (concerning prejudgment interest).

As to interest on the marital lien, the district court declared that "[b]ecause [wife] was not awarded interest on her lien in the [f]inal [d]ecree and no later order modified the

---

[1] We rely on the 2014 statute, which was in effect at the time of the judgment and decree.

3

[f]inal [d]ecree to permit such an award, the marital lien has been paid in full." The district court reasoned that under the plain language of the decree, wife was not entitled to interest and that an award of interest would therefore constitute an improper modification of the decree. The district court relied on *Erickson v. Erickson*, which held that a district court erred in awarding interest on a marital lien because the original decree did not provide for an interest-bearing lien and the imposition of interest therefore constituted an impermissible modification of the decree. 452 N.W.2d 253, 256 (Minn. App. 1990).

In assigning error to the district court's determination, wife relies on Minn. Stat. § 549.09—providing for awards of interest on verdicts, awards, and judgments—as applied by this court in *Riley v. Riley*, 385 N.W.2d 883, 884 (Minn. App. 1986) (*Riley II*). In *Riley II*, this court held that "[a] dissolution judgment awarding money to a party accrues interest on the unpaid balance from *the time the judgment says payment is due until it is paid*." 385 N.W.2d at 884 (emphasis added). This court cited Minn. Stat. § 549.09 (1984) and stated, "Minnesota law provides that interest shall accrue on unpaid balances of judgments from the time the judgment is entered until it is paid." *Id.* at 888. We reasoned that there was "no reason to distinguish an award of money in a dissolution action from judgments for the recovery of money in other types of cases." *Id.* We therefore remanded to the district court for entry of a judgment for interest from September 10, 1984—the date on which the judgment stated payment was due—until the date that the payment was made. *Id.*

*Riley II* is distinguishable from this case in two important ways. First, the decree in *Riley II* directed husband to pay wife $30,000 as part of the property settlement in the dissolution and "to make this payment within thirty days of the entry of the judgment and

4

decree on August 10, 1984." *Id.* In this case, the decree does not include a deadline for husband to satisfy wife's $750,000 marital lien or to pay wife's attorney-fee award.

Second, there is no indication in either of this court's *Riley* opinions that the $30,000 payment, on which interest was awarded, was connected to a marital lien. *Id.* at 884-88; *Riley v. Riley*, 369 N.W.2d 40, 41-45 (Minn. App. 1985) (*Riley I*), *rev. denied* (Minn. Aug. 29, 1985). In fact, neither opinion mentioned a marital lien, much less discussed the accumulation of interest on a marital lien under section 549.09. *Riley II*, 385 N.W.2d at 884-88; *Riley I*, 369 N.W.2d at 41-45. This court has said that "marital liens . . . are not judgment liens; they are a method of distributing property in a dissolution proceeding." *Bakken v. Helgeson*, 785 N.W.2d 791, 794 (Minn. App. 2010). Thus, the requirement, in *Riley II*, that husband pay wife $30,000 by a date certain is not the same as the "marital lien" in this case.

Wife argues that the absence of express payment deadlines in the decree means that the $750,000 and $168,000 payments were due on the date that the judgment and decree was issued. According to wife, if a dissolution judgment and decree awards a monetary sum to a party and the decree does not provide an express deadline for payment of that sum, then "that sum must be considered to be due as of" the date of the decree, and the district court "has no jurisdiction to deviate from the statute that requires . . . interest on

5

dissolution awards." We reject wife's position because in this case, the record shows that the district court did not intend husband to satisfy the $750,000 marital lien immediately.[2]

Wife also relies on *Thomas v. Thomas*, in which this court suggested that a district court should either award interest on a property distribution that is not immediately payable or address the failure to award interest in its findings. 407 N.W.2d 124, 125, 127 (Minn. App. 1987). However, in this case, wife did not challenge the district court's failure to address interest in the final decree, and the time for raising that challenge has passed. *See Dieseth v. Calder Mfg. Co.*, 147 N.W.2d 100, 103 (Minn. 1966) (stating that "[e]ven though the decision of the [district] court in the first order may have been wrong, if it is an appealable order it is still final after the time for appeal has expired."); *see also* Minn. Stat. § 518.145, subd. 2 (2022) (setting forth limited grounds for reopening a judgment and decree); *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997) ("The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2.").

As to interest on the attorney-fee award, the district court reasoned that interest was inappropriate because there was no language in the decree providing for such interest, no later order modified the decree to permit interest, and wife's attorney never reduced the attorney-fee award to a judgment.

Wife once again relies on *Riley II* to establish error, arguing that the analysis in *Riley II* "suggests the statutory mandate on interest on awards would apply to attorney's fees,

---

[2] On remand after the first appeal in this case, the district court indicated that it ordered permanent spousal maintenance without regard to the interest that wife could earn on the $750,000 because it did not expect that payment to be made for some time.

6

post judgment." But we have determined that *Riley II* is inapplicable here. Moreover, *Riley II* does not address the issue of interest on an attorney-fee award in a dissolution action. *See* 385 N.W.2d at 888 (stating that husband "deprived [wife] of the $30,000 awarded to her by the [district] court in the judgment"). Thus, *Riley II* does not establish that the district court erred in declaring that wife's attorney was not entitled to interest on the attorney-fee award.

Wife raises an additional question in the issue-statement section of her brief, specifically, whether the district court erred by denying "[wife] deduction on partial satisfaction of judgment for costs incurred in collecting from [husband] and refusal to allocate sums collected first to accrued interest pursuant to [section] 549.09." The first part of that question, regarding costs incurred, is waived for inadequate briefing. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) (stating that mere assertions of error unsupported by legal argument or authority are waived unless prejudicial error is obvious on mere inspection); *see also State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed issue); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying *Wintz* in a family-law appeal). The second part of that question is resolved by our conclusion that wife was not entitled to interest.

In conclusion, wife has not met her burden to show that the district court erred by declaring that (1) wife was not entitled to interest on her marital lien, (2) wife's attorney was not entitled to interest on the attorney-fee award, and (3) wife did not have a basis in

law to seek reimbursement from husband for the $70,000 payment she made on a debt in husband's bankruptcy proceeding.

**Affirmed.**