**Walter S. TREZEVANT, Appellant,**

v.

**Pauline F. TREZEVANT, Appellee.**

**No. 13236.**

District of Columbia Court of Appeals.

Argued Nov. 14, 1978.

Decided June 25, 1979.

---

Charles J. Brown, Fairfax, Va., for appellant.

Pauline F. Nowak, pro se.

Before GALLAGHER, NEBEKER and FERREN, Associate Judges.

GALLAGHER, Associate Judge:

A father appeals on several grounds from an order requiring him to pay increased child support of $500 a month for the benefit of his three children who are in their mother's custody. The mother urges dismissal of the appeal on the ground that appellant's late filing of the appeal forecloses jurisdiction in this court. We remand the case for further proceedings. If after fact-finding the trial court concludes that appellant's late filing was not excusable, the decree appealed herein will stand. If, on the other hand, it finds appellant's lateness was due to excusable neglect, then it must undertake further proceedings consistent with Parts II and III of this opinion.

## I.

We first address the question of timeliness of appeal. The order appealed from was entered on January 5, 1978. Under D.C.App.R. 4 II(a)(1) and 4 II(a)(4), notice of appeal had to be filed within 30 days of this date, i. e., by February 4. Notice was not filed until February 14. Shortly thereafter, appellant petitioned the trial court for an extension of time to file a notice of appeal. On March 10 this motion was granted and appellant was permitted to file the notice within 30 days of February 4, which had been done.

A party seeking an extension of time to appeal must show that his lateness in filing was due to excusable neglect. D.C. App.R. 4 II(a)(1) and 4 II(a)(4). A failure to do so necessarily results in dismissal of the appeal for lack of jurisdiction. *In re C. I. T. & C. M. T.*, D.C.App., 369 A.2d 171, 172, 173 (1977). We will not set aside a trial judge's finding of excusable neglect, however, unless there has been a clear abuse of discretion. *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974).[1]

The trial court failed to resolve the factual dispute between the parties in its March 10, 1978 order granting appellant's motion to extend.[2] This factual dispute, we find, was material to the question of excusable neglect.[3] The absence of findings of fact and conclusions of law on this issue by the trial court therefore precludes meaningful review, and we must remand the case to that court for such findings and conclusions.

Ordinarily we would not reach the merits of an appeal the timeliness of which is undetermined. Since the parties have been in litigation for over six years, however, and since our resolution of the merits requires a remand in any event, we address the merits here.

---

1. *Gooch* construed the applicable *federal* rule, but in this instance Fed.R.App.P. 4(a) may be construed in *pari materia* with D.C.App.R. 4 II(a)(4).

2. The March 10, 1978 order granting appellant's motion to extend time reads as follows in its entirety:

> This matter comes before the court on defendant's motion to extend time for filing Notice of Appeal. After careful review of all the pleadings submitted by the parties, the court grants defendant's motion to extend time for filing his Notice of Appeal.
>
> WHEREFORE, it is, this 10th day of March, 1978, hereby
>
> ORDERED, that defendant may have an extension to file his Notice of Appeal not to exceed 30 days from February 4, 1978.

3. Appellant's counsel asserts that when he went to the Clerk's Office in January the docket entry for the filing date of the order read "1/15/78." He concedes that the first numeral and slash were handwritten while the rest was typewritten, but contends that he was unable to check the accuracy of this date against the court jacket because the Superior Court was moving to the new courthouse and the jacket consequently could not be located. He further asserts that it was not until February 16 that he learned that the Clerk's Office had corrected the docket entry to read "1/5/78."

Appellee on the other hand asserts that the docket card entry had actually read "15/78" when appellant's counsel first saw it. She further asserts that the court jacket containing the correct entry date was available to appellant in the Clerk's Office continuously from January 5 to February 14. She finally argues that, even assuming appellant's counsel's version of the facts is accurate, the latter was guilty of inexcusable neglect in relying on a partially-handwritten, partially-typewritten entry date which fell on a Sunday (i. e., January 15, 1978) without making further inquiry of the Clerk's Office.

## II.

Appellant and appellee were divorced by decree entered January 8, 1974. Custody of the parties' three children and $325 per month child support were awarded to appellee. On August 29, 1975, appellee filed a motion seeking an increase in child support to $750 a month based on a material change in circumstances. At the March 10, 1976 hearing on this motion, she submitted evidence which tended to show that since the divorce decree her financial burden had increased significantly due to inflation, school tuition, and orthodontia work for the children. Her gross income assertedly had increased 28 percent, and appellant's about 11 percent. The trial judge took the case under advisement.

About a year later, on March 9, 1977, the parties were before the same trial judge on an unrelated matter.[4] During the course of this hearing appellee reminded the trial judge that he had not yet ruled on the motion to increase child support. The trial judge acknowledged this oversight. Appellee then proffered to the court a proposed support order and a letter which she stated was "merely a summarization" of the evidence taken at the prior support hearing. In fact, the letter contained allegations concerning appellant's post-hearing earnings. It stated that appellant's 1977 income showed a 35 percent increase over 1974. The judge accepted the letter, and a copy was given to appellant. However, there was no mention that new evidence would be admitted into the record. The trial judge stated only that he would go over the data already in the file again, review the original support order, and see if he could bring it up to date. On December 30, 1977, the trial court ordered appellant's child support payments increased to $500 per month as of March 9, 1977.

This appeal followed. Appellant now argues, first, that the order is invalid because it orders increased child support payments retroactively to March 9. Second, he urges that the order must be vacated because the letter submitted to the trial judge at the March 1977 contempt hearing was admitted into the record without notice or hearing. We find no merit in his first contention. However, we agree that the admission of the letter was improper and prejudicial.[5]

While we agree that in this jurisdiction there can be no modification of installments of alimony or support after they have become due under a previously entered decree, *Kephart v. Kephart*, 89 U.S. App.D.C. 373, 380, 193 F.2d 677, 684 (1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952), we conclude that this rule does not bar retroactive increase of installments which became due after the motion seeking the increase due to changed circumstances was filed. It is well established that orders *decreasing* support or alimony may, in the discretion of the trial court, be made retroactive to "the date when application for such relief is made." *Rhodes v. Gilpin*, D.C.App., 264 A.2d 497, 500 (1970), *citing Fioravanti v. Fioravanti*, 98 U.S.App. D.C. 23, 231 F.2d 776 (1956). *Accord, Landers v. Landers*, D.C.App., 209 A.2d 798 (1965). We believe that the same rule should apply when the relief requested is an increase in support payments. If the order increasing the obligation were required to be prospective from the date of its entry, then the party owing the support obligation could by dilatory tactics postpone his obligation to pay increased support almost indefinitely, regardless of how circumstances might have changed.[6] Such a result would defeat the purpose of the changed circumstances rule. Furthermore, since the retroactivity rule is already well established in

---

4. Appellee had filed motions for contempt for appellant's alleged failure to comply with the original support decree. This was the only matter before the trial court at that time.

5. We have examined appellant's remaining argument, *i. e.*, that the order is invalid because there was no exact finding regarding income as of the date of the order, and we conclude it is without merit.

6. The time between the motion and the order in this case was almost 2½ years. Moreover, there is still no final order in the case because we must remand the case for further proceedings.

this jurisdiction with respect to reductions in maintenance, adoption of an opposite rule for increases would create an unreasonable distinction. We note that the few cases addressing this question in other jurisdictions have also concluded that orders increasing support payments may, in the discretion of the trial judge, be retroactive to the date when application for the increase was made. *McArthur v. McArthur,* 106 So.2d 73, 76 (Fla.1958); *Ramona v. Ramona,* 244 So.2d 547, 548 (Fla.Dist.Ct.App.1971); *Fainberg v. Rosen,* 12 Md.App. 359, 278 A.2d 630, 635 (1971); *Martindell v. Martindell,* 21 N.J. 341, 122 A.2d 352, 359 (1956); *Harris v. Harris,* 259 N.Y. 334, 336–37, 182 N.E. 7, 8 (1932). Finally, given that the parties' circumstances may change further before a hearing on the motion can be held, we believe that any reasonable date on or after the filing of the motion may be chosen as the effective date of the order, and that this choice should be left to the sound discretion of the trial judge. *Accord, Martindell v. Martindell, supra,* 122 A.2d at 359; *see Fainberg v. Rosen, supra,* 278 A.2d at 636.

■ In the present case we cannot say the trial court's choice of May 9, 1977 was an abuse of discretion. However, since we decide *infra* that the proceedings below violated appellant's due process rights, the trial court in reconsidering its order shall be free to choose any reasonable date on or after August 29, 1975 as the effective date.

■ We agree that admission of the letter into the record under the circumstances presented here was reversible error. No notice was given that the support hearing record would be reopened, and no subsequent hearing was held on the issue of post-1976 earnings. It is evident that the trial judge relied on the 35 percent figure contained in the letter in determining appellant's increased income. Whereas the evidence taken at the 1976 support hearing showed only an 11 percent increase in appellant's gross income since 1974 (including rental income), the trial judge in his order increasing child support found that

since the original order . . . defendant [appellant] is grossing approximately *35 per cent more per year.* [Emphasis supplied.]

This procedural irregularity may well have worked to appellant's prejudice. The case must therefore be remanded for new findings, based on record evidence, of the increase in appellant's income since 1974.

In so doing, we reject appellee's contention at oral argument that the trial judge could have found that appellant's income had increased 35 percent based solely on the evidence taken at the 1976 support hearing. The computation used by appellee to support her argument is faulty because it compares appellant's gross income in 1976 *including* his rental earnings with his gross income in 1974 *excluding* his rental earnings. This would have the result of overstating the increase in appellant's income between those two years. Thus the 35 percent figure cited by the trial judge in his order of December 30, 1977, could not have been properly based on the record before him. It goes without saying that it is not gross income which is determinative in deciding the amount of support payments. Other elements, such as expenses, must be factored in. It is for the trial judge to analyze the income picture in the light of the expenses claimed to determine whether those expenses are reasonable, as distinguished from extravagant, all circumstances considered.

### III.

We remand the case for further proceedings. In view of the particular circumstances of this case, the trial court is directed to hold an expedited hearing and promptly prepare findings of fact and conclusions of law in accordance with Super.Ct. Dom.Rel.R. 52(a). The questions to be resolved by the trial court on remand are as follows. *First,* it must determine the circumstances surrounding appellant's failure to file a timely notice of appeal and whether this failure was due to excusable neglect. If it finds a lack of excusable neglect, the December 30, 1977 decree will stand. *Second,* if the trial court determines that

there was excusable neglect, it is directed to reconsider appellee's August 29, 1975 motion to increase child support. In doing so it is bound by the findings regarding the increased burden on appellee due to inflation and the other factors as of March 10, 1976, but new findings regarding the increase in appellant's income must be made. We do not foreclose the advisability of reopening the record on remand to allow evidence as to the parties' current financial situations, if this is requested, since it has been over three years since the support hearing, and their financial circumstances may have changed. *Third*, if the court orders increased child support payments, it may make its order retroactive to any reasonable date on or after August 29, 1975. In the meantime, appellant will continue to pay child support in accordance with the 1974 divorce decree.

*Remanded for further proceedings.*