**Terry BARANYK, Plaintiff and Appellant,**

v.

**James R. McDOWELL, Defendant and Appellee.**

**Civ. No. 890019.**

Supreme Court of North Dakota.

June 27, 1989.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellant; argued by Arnold V. Fleck.

James R. McDowell (no appellate brief filed—no appearance), Findley, Ohio, pro se.

ERICKSTAD, Chief Justice.

Terry Baranyk appeals from the order of the district court denying her motion to amend the judgment obtained against James McDowell to include judgment interest. The judgment adjudicated the child support payment arrearages of McDowell. We reverse and remand.

Baranyk brought an action for divorce against McDowell, and on August 31, 1983, judgment was entered awarding Baranyk custody of the parties' two minor children and ordering McDowell to pay child support in the amount of $100 per month per child. With only a few exceptions, McDowell failed to make such support payments. On September 24, 1988, Baranyk filed a motion pursuant to Rule 3.2 of the North Dakota Rules of Court for an order adjudicating the amount of child support payments that McDowell was in arrears as a

judgment pursuant to section 14–08.1–05 of the North Dakota Century Code. McDowell filed no response to Baranyk's motion, and on October 11, 1988, the district court entered a judgment against McDowell in the amount of $11,780.

On October 20, 1988, pursuant to Rule 59(j) of the North Dakota Rules of Civil Procedure, Baranyk filed a motion to amend the judgment to include judgment interest. McDowell again made no response to the motion. The district court entered an order November 11, 1988, denying Baranyk's motion to amend the judgment. Baranyk now appeals from this order.

Baranyk asserts that the district court clearly erred in its decision to deny her motion to amend the judgment to include judgment interest on each due and unpaid child support obligation as of the due date of each payment. She contends that an award of judgment interest, at the rate of 12 percent per year on each unpaid child support payment, is consistent with the legislative intent of section 14–08.1–05 of the North Dakota Century Code.

The divorce judgment ordered McDowell to begin making child support payments on September 15, 1983. Section 14–08.1–05 was enacted March 23, 1987.[1] Chapter 181 of the 1987 North Dakota Session Laws, section 1 of which became section 14–08.1–05, N.D.C.C., makes no mention of retroactivity. Section 1–02–10 of the North Dakota Century Code, which applies to all statutes, provides that "[n]o part of this code is retroactive unless it is expressly declared

to be so." *See City of Mandan v. Mi–Jon News, Inc.,* 381 N.W.2d 540 (N.D.1986). Therefore, the provisions of section 14–08.-1–05, N.D.C.C., have no application to child support payments due and unpaid from September 15, 1983, until March 23, 1987.

On October 11, 1988, Baranyk obtained a judgment against McDowell in the amount of $11,780, the amount in arrears at the time of filing the motion for adjudication of child support arrearages as judgment. That judgment made no provision for pre-judgment interest and no mention was made whether or not the court considered awarding interest on the child support payments due and unpaid from September 15, 1983, until March 23, 1987.[2] We noted in *Dick v. Dick,* that the general rule is that interest on unpaid installments of alimony [spousal support] accrues on the date they become due. *Dick v. Dick,* 434 N.W.2d 557, 559 (N.D.1989). This general rule should logically apply to past-due child support payments as well as to past-due spousal support payments. We therefore remand for the trial court to determine interest on payments due and unpaid prior to March 23, 1987. Prejudgment interest shall be calculated at the judgment rate of interest, as provided in section 28–20–34, N.D.C.C. *See Dick v. Dick, supra,* 434 N.W.2d at 559.[3]

We must determine whether or not section 14–08.1–05, N.D.C.C., also mandates that interest accrue on child support payments when they become due and are not paid.

---

1. Section 9 of Chapter 181 of the 1987 North Dakota Session Laws, section 1 of which became section 14–08.1–05, N.D.C.C., reads:

   "EMERGENCY. This Act is declared to be an emergency measure and is in effect upon its filing with the secretary of state or on a date specified in this Act.
   Approved March 20, 1987
   Filed March 23, 1987"

2. The Order denying the motion reads, in its entirety:

   "The motion is denied. The payments due for support do not accrue interest until they are reduced to judgment. The fact that they are due and unpaid does not make each individual payment a judgment."

3. In *Dick v. Dick, supra,* 434 N.W.2d at 559 (N.D.1989), we determined that, if a judgment of divorce:

   "contains no reference to interest on a monetary award constituting division of property, Section 28–20–34, N.D.C.C., comes into play, and the award draws interest at the statutory rate for judgments. We further conclude that, where the trial court specifies a future date when a lump sum payment is due, interest accrues on the judgment from that date. [cites omitted]. This is consistent with the general rule that interest on unpaid installments of alimony [spousal support] accrues on the date they become due."

Section 14–08.1–05(1)(a), N.D.C.C., reads as follows:

*"Support order to be judgment.*

"1. Any order directing any payment or installment of money for the support of a child is, on and after the date it is due and unpaid:

a. A judgment by operation of law, with the full force, effect, and attributes of a judgment of the district court, including the ability to be entered in the judgment book pursuant to Rule 58 of the North Dakota Rules of Civil Procedure and otherwise enforced as a judgment;"

The interpretation of a statute is a question of law, fully reviewable by the Court. *Aanenson v. Bastien,* 438 N.W.2d 151 (N.D.1989). "When the wording of the statute is clear and free of all ambiguity, we have said that it is improper for the courts to attempt to construe the provisions so as to legislate additional requirements or proscriptions which the words of the provisions do not themselves provide." *Aanenson v. Bastien, supra,* 438 N.W.2d at 153. If a statute's language is ambiguous or of doubtful meaning, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain legislative intent. *First Security Bank v. Enyart,* 439 N.W.2d 801 (N.D.1989); section 1–02–39(3), N.D.C.C.

Section 14–08.1–05, N.D.C.C., explicitly provides that an order directing payment for child support is a judgment on and after the date the payment is due and unpaid, and that this judgment has the full force and effect of a judgment of the district court. However, as the term "interest" is not mentioned in section 14–08.1–05, we must determine what the legislature intended with regard to judgment interest on due and unpaid child support obligations.

Section 14–08.1–05, N.D.C.C., was part of Senate Bill No. 2432 of the 1987 Legislative Session. Blaine Nordwall appeared on behalf of the North Dakota Department of Human Services and testified before the House and Senate Human Services and Veterans Affairs Committees regarding Senate Bill No. 2432. According to Nordwall, Senate Bill No. 2432 was intended to bring North Dakota into compliance with the federal child support enforcement guidelines. The Department of Human Services was concerned about compliance with the guidelines because failure to comply with each and every one of the federal requirements would subject the State to a penalty on Aid to Families with Dependent Children (AFDC) payments the State would otherwise receive from the federal government.

Section 1 of Senate Bill No. 2432, which became section 14–08.1–05, N.D.C.C., was intended to allow compliance with section 9103 of Public Law 99–509, which specifically precludes retroactive modification of child support payments by making the unpaid child support obligations equivalent to judgments.[4] "Under subsection 1 of Section 1 of Senate Bill 2432, an unpaid child support obligation would become an undocketed judgment, like existing judgments

---

**4.** P.L. 99–509, section 9103, reads in pertinent part:

"REQUIREMENT OF STATUTORILY PRESCRIBED PROCEDURES TO PROHIBIT RETROACTIVE MODIFICATION OF CHILD SUPPORT ARREARAGES.

"(a) In General.—Section 466(a) of the Social Security Act is amended by inserting immediately after paragraph (8) the following new paragraph:

" '(9) Procedures which require that any payment or installment of support under any child support order, whether ordered through the State judicial system or through the expedited processes required by paragraph (2), is (on and after the date it is due)—

" '(A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,

" '(B) entitled as a judgment to full faith and credit in such State and in any other State, and

" '(C) not subject to retroactive modification by such State or by any other State; "except that such procedures may permit modification with respect to any period during which there is pending a petition for modification, but only from the date that notice of such petition has been given, either directly or through the appropriate agent, to the obligee or (where the obligee is the petitioner) to the obligor.' "

under state law, which could not be docketed without following the existing North Dakota procedures." January 29, 1987, testimony before the Senate Human Services and Veterans Affairs Committee regarding Senate Bill No. 2432, by Blaine Nordwall, pages 3–4; March 6, 1987, testimony before the House Human Services and Veterans Affairs Committee regarding Senate Bill No. 2432, by Blaine Nordwall, pages 4–5.

It appears from the legislative history of section 14–08.1–05 that the legislature intended past-due child support obligations to be treated as judgments under state law. The only distinction between a judgment under section 14–08.1–05 and a judgment entered by the district court is that the unpaid child support obligations could not be entered in the judgment docket until an order for judgment was obtained from the district court and filed with the clerk of the district court pursuant to Rule 58 of the North Dakota Rules of Civil Procedure. Therefore, applying section 14–08.1–05(1)(a), the due and unpaid child support obligations of McDowell from March 23, 1987, the date of the filing with the Secretary of State of section 14–08.1–05, until October 11, 1988, the date judgment was entered by the district court adjudicating child support arrearages, are judgments as a matter of law.

As no mention is made in the legislative history regarding interest on judgments for unpaid child support obligations, we conclude that the legislature intended that judgment interest be determined in the same manner as the judgments entered by the district court. While prejudgment interest is calculated at the legal rate of interest prescribed in section 47–14–05, N.D.C.C., the interest on a judgment is calculated at the rate provided in section 28–20–34, N.D.C.C. *See Bismarck Realty Co. v. Folden, supra,* 354 N.W.2d 636 at 641–42. Section 28–20–34, N.D.C.C., reads in pertinent part:

"*Interest rate on judgments.*
Interest shall be payable on judgments recovered in the courts of this state at the same rate as is provided in the origi-

nal instrument upon which the action resulting in the judgment is based, which rate shall not exceed the maximum rate provided in section 47–14–09. If such original instrument contains no provision as to an interest rate, or if the action resulting in the judgment was not based upon an instrument, interest shall be payable at the rate of twelve percent per annum and shall not be compounded in any manner or form."

Interest accrues, therefore, at a rate of 12 percent per year, on the child support payments which become judgments when due and unpaid, as well as on the judgment entered by the district court on October 11, 1988. We reverse the district court order denying the motion to amend the judgment and direct the trial court to award interest at 12 percent per annum from the due date of each child support payment. We remand for such amendment, with costs on appeal to Baranyk.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.