**Ruth Ann OLSON f/k/a Ruth Ann Garbe, Plaintiff and Appellant,**

v.

**Robert Keith GARBE, Defendant and Appellee.**

Civ. No. 910407.

Supreme Court of North Dakota.

April 21, 1992.

Gregory L. Lange of Richardson & Lange, Hazen, for plaintiff and appellant; submitted on briefs.

Robert Keith Garbe, pro se for defendant and appellee; submitted on briefs.

VANDE WALLE, Justice.

Ruth Olson appealed from that portion of a judgment which sets the effective date for an order modifying the amount of child support to be paid by Robert Garbe. We reverse and remand.

Olson and Garbe were divorced in 1987. As a part of the judgment of divorce, Garbe was ordered to pay child support. In April of 1990, Olson (then, Ruth Garbe) brought a motion to modify several provisions of the original decree, including the child support provisions. After a hearing, the trial court amended the original divorce judgment by an order dated July 12, 1990. Garbe appealed and we reversed upon a conclusion that the trial court failed to make specific required findings of a material change in circumstances, and that, as a result, this court could not properly review the reasons for the amended judgment. *Garbe v. Garbe*, 467 N.W.2d 740 (N.D. 1991).

After a July 2, 1991, hearing on remand, the trial court made findings of fact, conclusions of law, and ordered a modification of Garbe's child support obligation effective July 1, 1990.[1] Garbe did not challenge the modified terms of the child support order but did ask the trial court to reconsider its effective date, arguing the order was a "retroactive imposition of child support." The trial court finally set May 1, 1991, as the effective date of the modified child support order. Olson challenges this date on appeal.

■ In response to Garbe's motion to reconsider, the trial court determined that when this court reversed the district court's July 12, 1990, order "everything that went before was annulled and that any change in the original judgment could only be effective at a time following the remand." Our opinion in *Garbe v. Garbe* apparently left the court with an erroneous impression, for there are special rules that apply to motions to modify child support. While a court may not retroactively modify accrued, but unpaid child support payments, *e.g. Thorlaksen v. Thorlaksen*, 453 N.W.2d 770 (N.D.1990), we have previously decided that a court may modify a child support order as of the date of commencing the modification proceedings. *Guthmiller v. Guthmiller*, 448 N.W.2d 643 (N.D.1989). Our opinion in *Garbe* only requested the trial court to reconsider the motion to modify child support in light of changed circumstances and did not restrict the trial court's review.

■ Courts which have the power to award child support have the power to modify the amount of the support upon a showing that the circumstances of the parties have materially changed. *Garbe v. Garbe, supra*. Once a petition to modify a support order has been filed, the respondent is on notice that circumstances relevant to the determination of child support have changed and that the terms of the support obligation will change upon a judicial determination that the changed circumstances are material. The rationale for allowing a modification of a child support order effective as of the date that the motion to modify was filed has been succinctly stated:

"If the order increasing [or decreasing] the obligation were required to be prospective from the date of its entry, then the party owing the support obligation [or the party to whom such obligation is due] could by dilatory tactics postpone his obligation to pay increased [or decreased] support almost indefinitely, regardless of how circumstances might have changed. Such a result would defeat the purpose of the changed circumstances rule." *Towne v. Towne*, [150 Vt. 286] 552 A.2d 404, 405 (Vt.1988) quoting *Trezevant v. Trezevant*, 403 A.2d 1134, 1137 (D.C.1979).

Whether the appropriate effective date for a modification of child support will be the date the motion to modify was filed or some later date will depend on the facts of each case. Because the circumstances may change during the pendency of the motion

---

1. The court did not express a reason for selecting July 1, 1990, as the effective date of the second amended judgment. We note, however, that this was the effective date of the first amended judgment modifying Garbe's child support obligation.

and these changed circumstances may be material to the modifying court's determination, the trial court should determine the effective date in the first instance. *See Trezevant v. Trezevant*, 403 A.2d 1134 (D.C.1979); *Towne v. Towne, supra.*

In this case, the trial court set the effective date of the modification at July 1, 1990, and then amended the order to set an effective date of May 1, 1991. Reading the record of proceedings on remand, it is clear that the district court believed the later date was required as a matter of law. We, therefore, reverse the order setting the effective date for the modification of child support and remand with instructions that the trial court determine the appropriate effective date of the modification of child support.

ERICKSTAD, C.J., and JOHNSON, MESCHKE and LEVINE, JJ., concur.