Gerald GABRIEL, Plaintiff
and Appellant,

v.

Sandra GABRIEL, n/k/a Sandra Hare,
Defendant and Appellee.

Civ. No. 940098.

Supreme Court of North Dakota.

July 18, 1994.

Richard B. Baer, Bismarck, for plaintiff and appellant.

Robert J. Schultz of Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for defendant and appellee.

SANDSTROM, Justice.

This is an appeal of an order denying a motion to modify child support. Divorced parents each had custody of one of their two sons. The father's parental rights were terminated as to the child in the mother's custo-

dy, and the child was adopted by the mother's current husband. The trial court refused to modify child support because it said there was not a change in circumstances and the father whose parental rights were terminated as to the one child earned more than the mother. We reverse, holding termination of parental rights is a change in circumstances that ends the obligation of the person whose parental rights were terminated to pay support for that child; and remand for computation of the mother's child support obligation under the child support guidelines.

## I

Gerald and Sandra Gabriel were divorced in December 1985. The parties have two children, Derek, born May 23, 1977, and Jered, born December 6, 1982. Initially, Sandra received custody of Derek and Jered, and Gerald was ordered to pay $500 per month in child support. In July 1987, the parties agreed their eldest son, Derek, would live with Gerald and the youngest son, Jered, would remain with Sandra. Gerald's child support obligation was reduced to $250 per month. Sandra paid no child support.

In 1991, with Gerald's permission, Sandra's present husband adopted Jered and Gerald's parental rights were terminated: Gerald discontinued making child support payments to Sandra. By motion filed January 4, 1994, Gerald moved to modify the support order seeking child support for Derek from Sandra. The trial court denied Gerald's motion concluding:

"[T]here has been no change in the circumstances of the parties. The defendant [Sandra] continues to have the same obligation that existed at the time of divorce. She is still responsible for the care of two sons. The only change which has occurred is that the plaintiff either allowed or had taken away his privileges with his youngest child. In view of that, his obligation to pay child support for that child was terminated. However, the status of the defendant has never changed.

"The facts show that the plaintiff continues to earn substantial more money than the defendant, and there is no basis for child support to flow from the defendant to the plaintiff."

Gerald appeals claiming the trial court made an error of law in denying his motion. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–02. The appeal is timely under Rule 4(a), N.D.R.App.P.

## II

■ A trial court's findings of fact on a motion to modify child support will not be set aside on appeal unless they are clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *Rueckert v. Rueckert*, 499 N.W.2d 863, 868 (N.D.1993). "A finding of fact is clearly erroneous if, although there is some evidence to support it, a reviewing court, on the entire record, is left with a definite and firm conviction that a mistake has been made...." *Rueckert*. Conclusions of law are not fortified by the clearly erroneous rule and are fully reviewable on appeal. *In Interest of Kupperion*, 331 N.W.2d 22, 27 (N.D.1983).

## III

The trial court's order denying Gerald's motion for child support was based on two erroneous conclusions of law: (1) termination of Gerald's parental rights was not a change of circumstances justifying a child support modification; and, (2) because Gerald earns more income than Sandra, Sandra is under no financial duty to pay support for Derek.[1]

### A

■ Parents are under a mutual duty to provide their children with support and education suitable to the children's circumstances. N.D.C.C. § 14–09–08. Where custody of children is split between parents, the amount of child support is computed for each parent, and the lesser amount is subtracted from the greater. N.D.Admin.Code § 75–02–04.1–03; *Heley v. Heley*, 506 N.W.2d 715, 721 (N.D.1993). Presumably, an offset was

---

1. Although we conclude a change in circumstances occurred in this case, a change in circumstances is no longer a prerequisite for modification of a child support order which is at least one year old. *See* N.D.C.C. § 14–09–08.4(3).

accomplished in 1987 when Derek went to live with Gerald and Gerald's child support obligation was reduced to $250 per month. The balance of the offset, however, changed in 1991 when Gerald's parental rights were terminated and Sandra's husband adopted Jered. A final decree of adoption:

> "[R]elieve[s] the natural parents of the adopted individual of all parental rights and responsibilities, and ... terminate[s] all legal relationships between the adopted individual and his relatives, including his natural parents, so that the adopted individual thereafter is a stranger to his former relatives for all purposes including inheritance and the interpretation or construction of documents, statutes, and instruments....
>
> "[Adoption] create[s] the relationship of parent and child between petitioner and the adopted individual, as if the adopted individual were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments...."

N.D.C.C. § 14–15–14(1)(a) and (b).

Once Gerald's parental rights were terminated, he no longer had a legal duty to provide support for Jered's care. Sandra, on the other hand, still has a legal duty to provide support for Jered and Derek.

### B

█ N.D.C.C. § 14–09–09.7(3) establishes a rebuttable presumption the correct amount of child support is computed by applying the child support guidelines to the obligor's net income. The child support guidelines are based on an obligor model that "assume[s] that one parent acts as a primary caregiver and the other parent contributes a payment of child support to the child's care." N.D.Admin.Code § 75–02–04.1–02(1). The guidelines take into account, as part of the formula, the "income of the obligee, which is reflected in a substantial monetary and non-monetary contribution to the child's basic care and needs by virtue of being a custodial parent." N.D.Admin.Code § 75–02–04.1–09(1)(b). Consequently, when computing a noncustodial parent's child support obligation, the custodial parent's income is not a

proper factor to be considered. *Pozarnsky v. Pozarnsky,* 494 N.W.2d 148, 151 (N.D. 1992); *Reimer v. Reimer,* 502 N.W.2d 231, 233 (N.D.1993).

### IV

█ We reverse and remand. On remand, the trial court must determine the amount of Sandra's support obligation and its effective date. The effective date for an order modifying child support depends upon the facts of the case. *Shipley v. Shipley,* 509 N.W.2d 49, 53 (N.D.1993); *Olson v. Garbe,* 483 N.W.2d 775, 776 (N.D.1992). Once a motion to modify a support order has been filed, an interested party is on notice circumstances relevant to child support have changed and the terms of the support obligation will change upon a judicial finding that the changed circumstances are material. *Garbe.* Accordingly, the modification of a child support order may become effective as of the filing date of the motion to modify. *Garbe.* In *Garbe,* this Court explained the rationale for allowing a modification of a child support order effective as of the filing date of the motion:

> "If the order increasing or decreasing the obligation were required to be prospective from the date of its entry, then the party owing the support obligation or the party to whom such obligation is due could by dilatory tactics postpone his obligation to pay increased or decreased support almost indefinitely, regardless of how circumstances might have changed."

*Garbe* (citations omitted).

Because circumstances may have materially changed during these proceedings, the trial court, on remand, must decide if the appropriate effective date should be the date the motion was filed, the date the court issued its order denying the motion, or some later date.

VANDE WALLE, C.J., and LEVINE, NEUMANN and MESCHKE, JJ., concur.