Filed 1/27/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 8

Margaret Darling, Plaintiff and Appellant

 v.

Donny Gosselin, Defendant and Appellee

Civil No. 980226

 Appeal from the District Court for Cass County, East Central Judicial District, the Honorable Norman J. Backes, Judge.

 REVERSED AND REMANDED.

 Opinion of the Court by Maring, Justice.

 Michael L. Gjesdahl (submitted on brief), of Gjesdahl & Deitz, PLLP, 107 Eighth Street North, Fargo, N.D. 58102, for plaintiff and appellant.

 

Darling v. Gosselin

Civil No. 980226  

 Maring, Justice.

I  

[&P&1]  Margaret Darling appeals the district court’s order directing the judicial referee to amend her order.  The district court concluded post-judgment interest cannot be properly docketed by the clerk of the district court.  We reverse and remand.

[&P&2]  On December 28, 1992, Margaret Darling received a judgment against Donny Gosselin establishing the paternal relationship between Gosselin and the parties’ child.  The judgment ordered Gosselin to pay child support of $350 per month, one-half of the child’s health insurance premiums, and one-half of any uncovered medical expenses.  

[&P&3]  From the beginning Gosselin failed to stay current on the child support payments and his share of the health insurance premiums.  On February 11, 1998, Darling moved the district court to reduce Gosselin’s total support arrearage to a single, docketed, lump-sum judgment, including accrued interest.

[&P&4]   Prior to a hearing on the motion, the parties stipulated, through April 1998, Gosselin was in arrears of $3,555 in child support payments, $1,212.49 for accrued interest on the child support payments, and $1,788.45 for his share of the child’s health insurance premiums.  At the hearing on April 28, 1998, the parties requested the judicial referee enter an order recommending the clerk of the district court to issue two separate docketed money judgments against Gosselin:  one judgment for the child support arrears and accrued interest totaling $4,767.49 ($3,555 + $1,212.49) through April 1998, and a second judgment of $1,788.45 for Gosselin’s share of the insurance premiums.  The judicial referee adopted the parties’ stipulation, and her order of May 11, 1998, stated in relevant part:

6.  The Office of the Clerk of District Court shall issue two separate docketable money Judgments, both against Donny Gosselin and in favor of Margaret Darling.  One Judgment shall be in the amount of $4,767.49, and shall represent the child support arrearage and interest set for[th] in paragraphs 2 and 3 above.  The second money Judgment shall be in the amount of $1,788.45, and shall represent the health insurance premiums described in paragraph 4 above.

[&P&5]  On May 20, 1998, the district court issued an order directing the referee to amend her order, concluding as a matter of law “interest is not properly docketable by the Clerk of District Court.  The remedy would be Post Judgment interest.”  Darling timely appealed the district court’s order.

II

[&P&6]  When the district court reviews a judicial referee’s findings of fact on the record, it does so under a clearly erroneous standard.  
Steffes v. Steffes
, 1997 ND 49, &P& 8, 560 N.W.2d 888.  Similarly, we review the district court’s reversal of any factual finding by a judicial referee under the clearly erroneous standard.  
Throndset v. Hawkenson
, 532 N.W.2d 394, 397 (N.D. 1995).  A judicial referee’s conclusions of law, however, are fully reviewable by the district court.  
Id.
 Similarly, a district court’s conclusions of law are not subject to the clearly erroneous rule applicable to findings of fact, and are thus fully reviewable upon appeal.  
Gabriel v. Gabriel
, 519 N.W.2d 293, 294 (N.D. 1994).

[&P&7]  In
Baranyk v. McDowell
, 442 N.W.2d 423, 425-26 (N.D. 1989), this Court interpreted N.D.C.C. &S& 14-08.1-05 and held a due and unpaid child support payment becomes a judgment as a matter of law.  
See

id.
(concluding that with N.D.C.C. &S& 14-08.1-05 the “legislature intended past-due child support obligations to be treated as judgments under state law[,]” which have the “full force and effect of a judgment of the district court”).  The only distinction between a judgment under N.D.C.C. &S& 14-08.1-05 and one entered by a district court is that due and unpaid child support obligations cannot be docketed until a judgment order is obtained from the district court and filed with the clerk of court under N.D.R.Civ.P. 58.  
Baranyk
, 442 N.W.2d at 426;
see also

Fuson v. Schaible
, 494 N.W.2d 593, 595 (N.D. 1992).  Specifically, due and unpaid child support obligations are entered in the judgment docket only “upon filing by the judgment creditor . . . of a written request accompanied by a verified statement of arrearage or certified copy of the payment records of the clerk of district court . . . and an affidavit of identification of the judgment debtor[.]”  N.D.C.C. &S& 14-08.1-05(1)(a).

[&P&8]  In
Baranyk
, this Court also concluded ”judgment interest [is] determined in the same manner as the judgments entered by the district court[,]” and thus post-judgment interest on child support payments begins to accrue on the day they become due and unpaid.  442 N.W.2d at 426.  Judgment interest on an unpaid child support obligation is calculated from the day it becomes due at the rate provided in our judgment interest statute, N.D.C.C. &S& 28-20-34, which requires interest to accrue at twelve percent per annum.  It is clear, however, “such interest may not be compounded in any manner or form.”  
See
N.D.C.C. &S& 28-20-34.

[&P&9]  The judicial referee in this case ordered the clerk of district court to include Gosselin’s child support arrears and accrued interest into one docketed money judgment of $4,767.49 ($3,555 + $1,212.49).  Darling concedes the language employed by the referee presents the risk interest may be compounded on a docketed money judgment which includes accrued interest, running afoul of the prohibition against compounding interest.  This risk can be averted with curative language dictating a judgment be docketed reflecting the defendant, as of a certain date, owes the plaintiff a principal sum in child support arrears and a certain sum of accrued interest, with interest continuing to accrue only upon each of the unpaid installments which comprise the principal amount of arrears.  In this case, the referee could have ordered:

The Clerk of District Court shall docket a money judgment reflecting the defendant as of April 28, 1998, owes the plaintiff in child support arrears the sum of $3,555 in principal and the sum of $1,212.49
in accrued interest, with interest continuing to accrue only upon each of the unpaid installments which comprise the child support arrears of $3,555 at the rate of twelve percent per annum.

Such language would allow post-judgment interest to be docketed, but would expressly disallow any accrual of interest on interest.

[&P&10]  We agree with the district court that the judicial referee’s order should have been amended.  We disagree, however, that judgment interest cannot be properly docketed by the clerk of district court.  We therefore reverse and remand for proceedings consistent with this opinion.

[&P&11]  Mary Muehlen Maring

 William A. Neumann

 Dale V. Sandstrom

 Carol Ronning Kapsner

 Gerald W. VandeWalle, C.J.