18461

Mabel M. LONG, Appellant, v. Claude D. LONG, Respondent
(146 S. E. (2d) 873)

*Messrs. Jolly & Wilburn,* of Union, and *Paul M. Moore,* of Spartanburg, *for Appellant,*

*Bruce W. White, Esq.,* of Union, *for Respondent,*

February 14, 1966.

LEWIS, Justice.

This action was instituted by the wife against her husband for a divorce on the ground of physical cruelty, custody of two minor children of the parties, and support and maintenance for her and the children. Upon concurrent findings of fact by the master and the circuit judge, the wife was granted a divorce upon the foregoing ground and alimony in the amount of $700.00, plus One Hundred ($100.00) Dollars per month; but custody of the two children, a boy and a girl, ages 9 and 14, was awarded to the husband with reasonable rights of visitation on the part of the wife. The wife has appealed, contending that the lower court erred (1) in awarding custody of the children to the husband and (2) in not awarding a larger amount to her as alimony. The exceptions challenged the factual basis of the judgment of the lower court in the foregoing respects. No appeal was filed from the judgment of divorce.

Since this is an equity case and the judgment of the lower court was based upon concurrent findings of fact by the master and the circuit judge, such findings will not be disturbed by this Court on appeal unless it appears that they are without evidentiary support or against the clear preponderance of the evidence. *Dobson v. Atkinson,* 232 S. C. 12, 100 S. E. (2d) 531.

A detailed review of the charges and counter charges made by the parties would serve no useful purpose. The personal conduct of both is subject to some condemnation.

The parties were married on June 12, 1946 and separated on March 7, 1964, when the wife left the home in which they resided in Union, South Carolina, and returned to her parents because of alleged physical cruelty visited upon her by the husband. The children have since continued to live in the home with the father, in part, by preference and, since April, 1964, under an order granting temporary custody to the father. Significantly, at the time of the hearing in the lower court, the paternal grandmother was residing in the home with the children and assisting with their care. Her ability, both physically and morally, to do so is not questioned in the record.

The parents of the wife, with whom she is now living, are somewhat advanced in years and occupy a small four room house. The house in which the children are now living is owned by their father, is commodious, well furnished, and well located in the City of Union.

The record supports the conclusion, reached by the lower court, that the mother is not sufficiently stable at the present time, due to her personal habits and health, to properly take care of the children.

We are convinced that, under the circumstances existing at the time of the hearing, the decision of the lower court as to custody of the children is for their best interests and should be affirmed.

The remaining question concerns the allowance for alimony. The wife contends that it is grossly inadequate.

The allowance of alimony is a matter within the discretion of the trial judge, to be exercised in the light of the facts of each particular case, and will not be disturbed on appeal unless an abuse of discretion is shown. The circumstances which should be considered in determining the question have recently been reviewed and will not be repeated here. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323; *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619.

The only testimony of any consequence relative to the financial status of the husband was given by him. He is engaged, with a partner, in the rental and contracting business in Union, South Carolina. According to his financial statement, his total net worth is approximately $16,500.00, and had an average annual income of $9,367.51, before the payment of taxes, for the years 1960 through 1963. He testified that there had been a reduction in the amount of his business for 1964 (the year in which the hearing was held) and that his income for that year would be reduced to about five to seven thousand dollars. The husband further testified that, in addition to the living expenses for himself and his children, he was making a monthly mortgage payment on his home of approximately $130.00.

It is evident from the record that a better appraisal of the husband's financial ability could have been obtained. Such was not done and, in the light of the entire record before us and the circumstances of the parties to be considered, we cannot say that the lower court committed an abuse of discretion in fixing the amount of alimony.

In view of the particular circumstances of this case, we think it proper to call attention to the following from the decision in *Porter v. Porter, supra*:

"We should point out that a judicial award of the custody of a child and the fixing of visitation rights is not final and changed circumstances may authorize the change of custody or visitation rights in the future. *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695; *Ex Parte Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4. The Court also has the authority, under Section 20-116 of the Code, to increase, decrease or terminate upon proper showing of a change of condition, the alimony and support payments provided for in a judgment of divorce. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171; *Taylor v. Taylor,* 241 S. C. 462, 128 S. E. (2d) 910."

Affirmed.

Moss, Acting C. J., BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.