23822

Joyce Miller CASEY, Appellant v. John William CASEY, Respondent.

(428 S.E. (2d) 714)

Supreme Court

*Eugene F. Rogers* and *D. Randolph Whitt, Sherill, and Rogers, P.C.,* Columbia, *for appellant.*

*James H . Lengel,* Columbia, *for respondent.*

Heard Feb 3, 1993.

Decided March 15, 1993.

TOAL, Justice:

The issue presented in this appeal is whether an equitable distribution award is a money decree or a judgment, pursuant

to S.C. Code Ann. § 34-31-20 (1987), so that it accrues interest at the statutorily prescribed postjudgment rate of 14%. We see no reason to distinguish equitable distribution money awards from other money judgments. Accordingly, we reverse the family court's denial of postjudgment interest of 14%.

## FACTS

The parties were divorced by family court order dated August 30, 1983. The decree provided for the equitable distribution of the parties' property. Pursuant to the ordered division, the husband was to pay $65,000 directly to the wife withing 90 days of the decree. The husband appealed to this Court. This portion of the equitable distribution award was affirmed in *Casey v. Casey*, 293 S.C. 503, 362 S.E. (2d) 6 (1987).[1] The husband paid the $65,000 to the wife on July 25, 1988. The wife brought this action, seeking, among other relief, postjudgment interest, pursuant to S.C. Code Ann. § 34-31-20(B) (1987), from August 30, 1983 to July 25, 1988. The family court ordered postjudgment interest, not at the 14% rate dictated in § 34-31-20(B), but at 8¾%, pursuant to § 34-31-20A. The wife appeals.

## LAW/ANALYSIS

The sole issue presented in this appeal is whether the family court erred in determining § 34-31-20(B) did not apply to equitable distribution money awards. We conclude that it did err.

Section 34-31-20 provides:

(A) In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.

(B) All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum.

---

[1] The decree also provided for the division of the value of the goodwill of the husband's business. This portion of the decree was reversed. *Id.*

Thus, subsection (A) provides for prejudgment interest in specified cases. *Jacobs v. American Mutual Fire Insurance,* 287 S.C. 541, 340 S.E. (2d) 142 (1986). Subsection (B) provides for postjudgment interest. The husband maintains that this provision is not applicable to actions in equity. We disagree. As originally enacted in 1866, prior to the merger of the courts of law and equity in South Carolina, the statute expressly provided it was applicable to all money decrees and judgments of courts of law and equity. Act No. 4185 or 1866, XIII S.C. Stat. 429. Furthermore, the retention of the term decrees evidences the legislature's intention that the statute remains applicable to equitable actions. *Black's Law Dictionary* 369 (5th Ed. 1979); *see also, Shaw v. Aetna Casualty & Surety Ins. Co.,* 274 S.C. 281, 262 S.E. (2d) 903 (1980).

Nevertheless, the husband further contends that an award of a sum of money pursuant to an equitable distribution order is not a money decree or judgment. We disagree. We are unable to find any logical reason to distinguish money judgments which are enrolled as logical reason to distinguish money judgments which are enrolled as the result of an equitable distribution award from money judgments awarded in legal actions. Clearly, the wife was deprived of the use of the money owed to her and the husband benefitted from retaining the money for his own purposes, just as with any other money judgment where one party fails to satisfy a judgment owed to another. An amount of money determined to represent an equitable division in 1983 would not constitute the same division if payable in 1988 and, therefore, would no longer be equitable without the imposition of postjudgment interest to compensate for the decrease in value of the award. Moreover, allowing the enforcing court to reduce the amount of interest which would normally accrue on the judgment would effectively be a modification of the equitable distribution award which is not permitted. S.C. Code Ann. § 20-7-472 (Supp. 1992). The running of postjudgment interest further encourages judgment debtors to pay judgments promptly. We can discern no reason to remove this incentive for domestic judgment interest further encourages judgment debtors. Accordingly, we find fixed awards of money for equitable distribution shall accrue interest at the postjudgment rate from the date of the judgment, or in the case of specified periodic pay-

ments from the date each payment becomes due and owing. *Accord Riley v. Riley,* 385 N.W. (2d) 883 (Minn. Ct. App. 1986); *Arnold v. Arnold,* 258 Iowa 850, 140 N.W. (2d) 874 (1966).

We stress, however, that the statutory postjudgment interest rate applies only to money awards entered pursuant to distribution when the award is due as payable immediately or at fixed increments, and in which no other rate of interest has been dictated by the family court as part of its decree. We leave intact the family court's broad discretion to provide for the payment of interest as part of the equitable distribution award. Thus, the family court may provide for the amortization of payments with a rate of interest different from the postjudgment rate or deny interest altogether on payments due at a future date. *Accord Dick v. Dick,* 434 N.W. (2d) 557 (N.D. 1989). For example, the family court could order one spouse to pay the other $100,000 in five annual payments plus interest set at the prime rate. Where, however, no contrary provision is made by the decreeing court, a domestic money judgment bears postjudgment interest at the statutory rate.

Accordingly, we REVERSE the award of interest and REMAND this action to enter an award of postjudgment interest at the prescribed legal rate of 14%.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.