THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Case No.: 1999-DR-07-119
Luella H. Bauer,       
Appellant/Respondent,
 
 
 

v.

 
 
 
Richard K. Bauer,       
Respondent/Appellant.
 
 
 

 
 
 
 Case No.:  2000-DR-07-94
Richard K. Bauer,       
Respondent,
 
 
 

v.

 
 
 
Luella H. Bauer,       
Appellant.
 
 
 

Appeal From Beaufort County
Jane D. Fender, Family Court Judge

Unpublished Opinion No. 2004-UP-004
Submitted October 6, 2003  Filed January 
 8, 2004

AFFIRMED AS MODIFIED

 
 
 
Mary Kay Siren, Esquire; Lee S. Bowers, of Estill; for Appellant-Respondent.
John S. Nichols, of Columbia; William Randall Phipps, of Hilton 
 Head Island; for Respondent-Appellant.
 
 
 

PER CURIAM:  In this action for 
 separate maintenance and support, the family court divided the marital property 
 equally and ruled Luella H. Bauer (Wife) was not entitled to alimony.  In 
 addition, the family court ordered the parties to have the marital home appraised 
 before Wife was to purchase Richard K. Bauers (Husband) interest or to immediately 
 list the home for sale.  For more than six months after the home was appraised,  
 Wife failed to list it for sale.  In a subsequent order, the family court awarded 
 Husband post-judgment interest for the time period from the date sixty days 
 after the appraisal until the date the house was listed for sale.  Wife appeals, 
 arguing the family court erred by failing to award her alimony and by not considering 
 certain facts that supported her claim for alimony.  Husband appeals, arguing 
 the family court should have awarded him post-judgment interest from the date 
 of the order, or the date of the appraisal, until the date the home was sold.  
 We affirm as modified.
FACTUAL/PROCEDURAL BACKGROUND
Husband and Wife were married on December 
 6, 1958.  The parties separated in January 1999 because Wife believed Husband 
 was having an affair.  An order for separate maintenance and support was issued 
 January 20, 2000.  The family court ordered the marital assets to be equally 
 divided between the parties.  Because Wife desired the marital home as part 
 of the equitable distribution, the family court gave Wife sixty days to purchase 
 Husbands interest or to list the home for sale.  The family court declined 
 to award alimony to either party.  
 Both parties filed motions for reconsideration, 
 and an amended final order was issued on April 12, 2000.  In the amended order, 
 the family court stated since both parties are retired and the assets have 
 been divided equally, including the IBM defined benefit annuity, neither party 
 is entitled to alimony from the other.  The family court also required that 
 a new appraisal of the home be conducted before Wife purchased Husbands interest.  
 After the parties obtained an appraisal, Wife was ordered to purchase Husbands 
 interest or immediately list the home for sale. 
On May 30, 2000, the home was appraised 
 at $315,000.00.  On December 22, 2000, after failing to obtain financing or 
 to sell the marital home herself, Wife listed the home with a real estate agent.  
 During the next six months, the parties received two offers to purchase the 
 home.  The first offer of $325,000.00 was rejected.  Husband and Wife agreed 
 to accept the second offer of $340,000.00 and entered into a contract to sell 
 the home on June 25, 2001.   
Both parties appealed the amended order.  Because 
 several issues needed clarification, including post-judgment interest, the appeals 
 were stayed, and the matter was remanded for a hearing before the family court.  
 Husband later abandoned his appeal of the amended order.  
On remand, the family court held a hearing 
 and filed its final order on October 16, 2001.  In the order, the family court 
 ruled the IBM income would be divided evenly between the parties.  The family 
 court also ordered Wife to pay post-judgment interest on Husbands share of 
 the marital home for the time period when she failed to list the home for sale 
 as required by the amended order.  Husband appealed the family courts order 
 on remand.  Husbands and Wifes appeals were consolidated for review.  
LAW/ANALYSIS
I.       Wifes Appeal
Wife argues the family court erred by failing to 
 award her alimony.  We disagree.
The decision to grant or deny alimony rests within 
 the discretion of the family court . . . . [and] will not be disturbed on appeal 
 absent abuse thereof.  Dearbury v. Dearbury, 351 S.C. 278, 282, 569 
 S.E.2d 367, 369 (2002).
In making an award of alimony, the family court 
 must consider and weigh the following factors: (1) duration of the marriage;  
 (2) physical and emotional health of the parties; (3) educational background 
 of the parties; (4) employment history and earning potential of the parties; 
 (5) standard of living established during the marriage; (6) current and reasonably 
 anticipated earnings of the parties; (7) current and reasonably anticipated 
 expenses of the parties; (8) marital and nonmarital properties of the parties; 
 (9) custody of the children; (10) marital misconduct or fault; (11) tax 
 consequences; (12) prior support obligations; and (13) other factors the court 
 considers relevant.  S.C. Code Ann. § 20-3-130(C)(1)-(13) (Supp. 2002).  
Our inquiry on appeal is not whether the family 
 court gave the same weight to particular factors as this court would have; rather, 
 our inquiry extends only to whether the family court abused its considerable 
 discretion in assigning weight to the applicable factors. Allen v. Allen, 
 347 S.C. 177, 186, 554 S.E.2d 421, 425 (Ct. App. 2001); see S.C. Code 
 Ann. § 20-3-130(C) (stating that in making an award of alimony, the family court 
 must consider all relevant factors and give weight in such proportion as it 
 finds appropriate to these factors); see also Long v. Long, 247 
 S.C. 250, 252, 146 S.E.2d 873, 875 (1966) (The [decision to award] alimony 
 is [a] matter with[in] the discretion of the trial judge, to be exercised in 
 the light of the facts of each particular case, and will not be disturbed on 
 appeal unless an abuse of discretion is shown.).  
In deciding not to award alimony in the present 
 case, the family court considered the following factors outlined in section 
 20-3-130: (1) the parties had been married for forty years; (2) Wife was 65 
 years old; Husband was 67 years old; and both parties were in reasonably good 
 health; (3) Wife obtained her Masters degree in psychology while Husband had 
 a Bachelors degree in psychology; (4) Wife was predominantly a homemaker during 
 the course of the marriage while Husband was a retired IBM executive, and neither 
 had any future earning potential; (5) the parties maintained a moderate standard 
 of living during the marriage; (6) Wife had a monthly income of $1,318.03 and 
 Husband had an income of $1,998.03; (7) the current expenses of each party exceeded 
 current income, with Wife having a monthly deficit of $509.36 and Husband having 
 a monthly deficit of $424.97; (8) the parties owned a marital home located on 
 Hilton Head Island valued at $290,000.00, [1] as well as various savings accounts, investment accounts, retirement 
 accounts, and insurance policies valued at approximately $300,000.00; (9) the 
 parties have five children, each of whom had reached the age of majority; and 
 (10) no marital misconduct by either party was substantiated.  
Because the family court reviewed the factors outlined in 
 section 20-3-130, we conclude the family court considered the appropriate factors 
 in deciding not to award alimony. See S.C. Code Ann. § 20-3-130(C).  
 Furthermore, based on our review of the record, we hold the family court did 
 not abuse its discretion. See Allen, 347 S.C. at 186, 554 S.E.2d 
 at 425.
In addition to arguing the family court erred by failing 
 to award her alimony, Wife also argues the family court did not consider certain 
 facts that supported her claim for alimony.  First, she contends the family 
 court failed to consider that she received less Social Security income than 
 Husband. We disagree.            
In determining the overall earnings of Wife and Husband, 
 the family court considered each partys monthly Social Security income and 
 monthly allotment from the IBM annuity.  Wife received a monthly Social Security 
 income of $554.00, and Husband received a monthly Social Security income of 
 $1,234.00.  Because the family court ordered Husbands $1,528.05 monthly allotment 
 from the IBM annuity to be evenly divided between the parties, each received 
 $764.03 a month from the annuity.  Using these figures, the family court determined 
 Wife had a monthly income of $1,318.03, while Husband had an income of $1,998.03 
 per month. Thus, contrary to Wifes argument, the family court considered the 
 difference in Social Security income in determining not to award alimony.  Furthermore, 
 we have reviewed the record in light of the fact that the family court may give 
 weight in such proportion as it finds appropriate to each of the factors outlined 
 in section 20-3-130. See S.C. Code Ann. § 20-3-130(C).  Based on our 
 review, we hold there was no abuse of discretion. 
Lastly, Wife argues the family court erred by failing to 
 consider she would be required to pay approximately $150.00 more per month to 
 maintain her health insurance coverage after a divorce.  We disagree.
With regards to the increase in the cost of Wifes 
 health benefits upon divorce, Wife testified that after a divorce, her health 
 insurance premium would increase from $24.80 per month to $193.18 per month.  
 After listening to this testimony, the family court stated in its order, the 
 current expenses of both parties, as reflected in their financial declarations, 
 are reasonable and exceed the current income of both parties.  Therefore, Wife 
 cannot claim the family court failed to consider this factor, but instead can 
 only argue she disagrees with the weight given to this factor by the family 
 court.  Because the family court may give weight in such proportion as it finds 
 appropriate to each of the factors, we have reviewed the record for an abuse 
 of discretion and we hold the family court did not abuse its discretion. See 
 id.
II.      Husbands Appeal
Husband argues the family court erred 
 by limiting the award of post-judgment interest to the time period beginning 
 August 1, 2000, the date sixty days after the court-ordered appraisal was completed, 
 and ending December 22, 2000, the date that the home was listed for sale.  We 
 disagree.
In awards by the family court, statutory 
 post-judgment interest applies only to money awards entered pursuant to distribution 
 when the award is due as payable immediately or at fixed increments. Casey 
 v. Casey, 311 S.C. 243, 246, 428 S.E.2d 714, 716 (1993).  Post-judgment 
 interest shall run until the judgment is paid or otherwise satisfied. See 
 Russo v. Sutton, 317 S.C. 441, 444, 454 S.E.2d 895, 896 (1995) (holding 
 post-judgment interest accrues on money judgments until the judgment amount 
 has been properly deposited with the court pursuant to Rule 67, SCRCP); Rule 
 67, SCRCP (stating a judgment debtor may deposit into court all or part of sum 
 due on judgment).  Thus, post-judgment interest was not a proper consideration. 

While the original order gave Wife sixty days to list the 
 home for sale, the amended order required Wife to obtain an appraisal of the 
 marital home before either purchasing Husbands interest or immediately listing 
 the home for sale. In the event Wife listed the home for sale, the net proceeds 
 were to be divided equally between Husband and Wife.  
Although the home was appraised on May 30, 2000, Wife did 
 not list the home for sale until December 22, 2000, more than 200 days later.  
 On remand, the family court determined sixty days was a reasonable time for 
 Wife to have looked for financing to purchase Husbands interest before listing 
 the home for sale.  The family court then couched its award as post-judgment 
 interest, awarded from August 1, 2000, the time by which Wife should have complied 
 with the order, to December 22, 2000, the time Wife actually complied by placing 
 the home for sale. 
Husband argues he was entitled to post-judgment 
 interest from April 12, 2000, the date of the amended order, or from May 31, 
 2000, the date of the appraisal, until June 2001, when he received his portion 
 of the proceeds from the home. We disagree.  
The proceeds were not payable to Husband until 
 June 2001 when the home was sold.  Therefore, post-judgment interest is inapplicable 
 for the time period prior to the sale.  See Casey, 311 S.C. at 
 246, 428 S.E.2d at 716.  
The family court ordered Wife to pay Husband interest 
 from August 1 to December 22, the time period when it found her to be unreasonable 
 in failing to list the home for sale.  In doing so, it is clear the family court 
 penalized Wife for failing to comply with the order in a timely fashion.  The 
 award was in the nature of compensatory relief, designed to make Husband whole 
 for the lost use of his equity in the home during Wifes non-compliance. See 
 Curlee v. Howle, 277 S.C. 377, 382, 287 S.E.2d 915, 917 (1982) (The 
 power to punish for contempt is inherent in all courts . . . . [and] [i]ts existence 
 is essential . . . to the enforcement of the . . . orders . . . of the courts.); 
 Cheap-Os Truck Stop v. Cloyd, 350 S.C. 596, 606, 567 S.E.2d 514, 519 
 (Ct. App. 2002) (Compensatory contempt is a money award for the plaintiff when 
 the defendant has injured the plaintiff by violating a previous court order. 
 (quoting Curlee, 277 S.C. at 386, 287 S.E.2d at 919)).  Because the family 
 court did not abuse its discretion in awarding Husband interest for the time 
 period that it determined Wife failed to comply with the court order, we affirm 
 as modified. See Cloyd, 350 S.C. at 607, 567 S.E.2d at 519 (A 
 determination of contempt ordinarily resides in the sound discretion of the 
 trial judge. (quoting State v. Bevilacqua, 316 S.C. 122, 129, 447 S.E.2d 
 213, 217 (Ct. App. 1994)). 
Husband also argues the family court erred by finding 
 Wife made a reasonable effort to obtain financing on the home for the first 
 sixty days after the court-ordered appraisal.  We hold this argument is without 
 merit.  Indeed, the family court based its decision on its original order which 
 gave Wife this amount of time in which to decide whether to purchase Husbands 
 interest or to sell the property.  Thus, we affirm as modified. See 
 id.
CONCLUSION
Based on the foregoing, the family courts 
 order denying alimony is affirmed.  The order granting Husband interest from 
 August 1, 2000, until December 22, 2000, is affirmed as modified.
AFFIRMED AS MODIFIED.
STILWELL, HOWARD, and KITTREDGE, JJ., concurring.

 
 [1] There was an associated golf membership valued 
 at $7,500.00.