599 S.E.2d 124
**Anand B. PATEL, Appellant,**
v.
**Nalini Raja PATEL, Respondent.**
**No. 25825.**
Supreme Court of South Carolina.
Heard Feb. 19, 2004.
Decided May 24, 2004.

J. Leeds Barroll, IV, of Columbia, and John O. McDougall, of McDougall & Self, P.A., of Columbia, for Appellant.

J. Michael Taylor and Harvey L. Golden, both of Golden, Taylor, Potterfield & Barron, of Columbia, for Respondent.

Acting Justice MACAULAY.

The issue before us is whether the family court erred in denying Anand B. Patel post-judgment interest on funds in a brokerage account, which the family court had previously ordered escrowed pending appeal. We affirm.

## FACTS

Anand B. Patel ("Husband") and Nalini Patel ("Wife") were married on July 7, 1980. The final decree of divorce dated October 23, 1997, and filed November 12, 1997 awarded Husband 65 percent of the marital estate and Wife 35 percent. The marital estate included funds in an A.G. Edwards brokerage account (the "account"). The funds in the account were generated primarily from the sale of the parties' Holiday Inn and lot in San Diego, California. Husband's attorney transferred these funds to an account pursuant to an order issued by the family court appointing him trustee for the parties and ordering him to place the funds in an interest bearing account.

On November 14, 1997, Husband, who still maintained control of the account, withdrew the entire balance of the account amounting to $1,870,143.63. Husband used some of the funds to pay taxes, leaving the remainder for disbursement between Husband and Wife. Husband issued Wife a check for $659,744.00.[1] Wife returned the check to Husband's counsel to be reinvested in the account.

On December 15, 1997, Wife filed a motion requesting that Husband be required to re-deposit all funds withdrawn from the account. On January 12, 1998, the family court issued an order directing Husband to restore $1,093,070.00 to the account, or other similar trust account, bearing the best possible interest rate.[2] The court ordered that these funds remain in the account until conclusion of the appeal.

---

1. The divorce decree awarded Wife $701,665.00 from this account. Husband deducted $41,920.94 for attorney's fees and costs the family court ordered Wife to pay under the Final Divorce Decree. The attorney's fee award was later reversed by the Court of Appeals. *Patel v. Patel*, Op. No. 2000–UP–653 (S.C. Ct.App. dated Oct. 26, 2000). We affirmed.

2. The final order to disburse funds indicates $1,093,070.00 was the specified amount because that amount was needed to protect Wife's interest.

On November 19, 2001, Husband and Wife executed an agreement to disburse the funds in the account. However, the parties disagreed on whether Husband was entitled to post-judgment interest on the account and explicitly left this issue unresolved. In their agreement, the parties calculated their respective shares of the account based on the percentages allocated in the final divorce decree. The divorce decree awarded $701,655.00 from the account to Wife, with the balance to Husband. The $701,665.00 constituted 64.19 percent of the account, leaving 35.81 percent of the account for Husband.[3] The parties agreed Wife would receive $791,840.41, which amounted to 64.19 percent of the balance of the account on the date of the agreement. However, the parties agreed to subtract $150,000 from Wife's disbursement to remain in the account pending resolution of the parties' dispute over Husband's entitlement to post-judgment interest. Pursuant to the agreement, Husband received his full 35.81 percent.

On May 17, 2002, Wife filed a motion alleging Husband failed to communicate with her about resolving his post-judgment interest claim on the 35.81 percent of the account he was awarded under the parties' agreement. Wife requested the court award her the $150,000 plus accrued interest, which had been withheld from her portion of the funds. The court awarded the $150,000 plus accrued interest held in escrow to Wife.

## ISSUE

Did the family court err in denying Husband's claim for post-judgment interest and awarding Wife the $150,000 plus accrued interest remaining in the A.G. Edwards account?

## ANALYSIS

■ On appeal, Husband argues he is entitled to $142,447.00 minus the interest on the $41,000 in attorney's fees originally assessed against Wife.[4] We disagree.

---

3. Wife's 35 percent of the marital estate includes 64.19 percent of the account.

4. Husband adopts the family court's computation. In its order to disburse funds, the court considers how much Husband would be

In *Casey v. Casey*, 311 S.C. 243, 428 S.E.2d 714 (1993), we held that fixed awards of money for equitable distribution do, in fact, accrue interest at the post-judgment rate from the date of the judgment. However, we qualified our holding stating,

> We leave intact the family court's broad discretion to provide for the payment of interest as part of the equitable distribution award. Thus, the family court may provide for the amortization of payments with a rate of interest different from the post-judgment rate or deny interest altogether on payment due at a future date.

*Id.* at 716. Our decision in *Casey* is controlling. The family court's January 12, 1998 order specifically provided that the $1,093,070.00, which the family court ordered to remain in the account or other similar trust account, was to bear the "best possible interest rate." In designating the controlling interest rate, the family court exercised its discretion in providing for an interest rate other than the post-judgment interest rate. Therefore, Husband is not entitled to post-judgment interest on his share of funds in the account. Accordingly, we hold that the family court did not err in awarding Wife the remaining $150,000 plus accrued interest.

▬▬▬ Husband argues that the divorce decree dated October 23, 1997, was silent as to the rate of interest to be applied to the equitable division award, rendering the post-judgment rate applicable. According to Husband, the post-judgment rate applies because Wife failed to appeal within thirty days of the final divorce decree.

In appeals from the family court, a notice of appeal must be served on respondents within thirty days after receipt of written notice of entry of the order or judgment. Rule

---

entitled to at a 14 percent post judgment interest rate assuming he is entitled to such an award. The court concluded, at most, Husband would be entitled to $142,447.00 in accrued interest on $391,405.00. The court reasoned that of the $1,093,070.00 ordered to be held in escrow, $701,665.00 of those funds were Wife's according to the divorce decree, leaving only $391,405.00 of Husband's money in the account. The court also noted the $142,447.00 did not include the offset Wife would be entitled to receive for judgment interest on the approximately $41,000.00 in attorneys fees originally assessed against her and which was reversed on appeal.

203(b)(3), SCACR. However, when a timely motion pursuant to Rule 59, SCRCP, has been made, the time for appeal for all parties is stayed and runs from receipt of written notice of entry of the order granting or denying the motion. Rule 203(b)(1), SCACR.

Wife filed two timely Rule 59(e) motions raising the issue of whether at least part of the marital funds divided between the parties should be placed in escrow pending appeal. Wife subsequently filed a more specific motion requesting an emergency hearing due to fears Husband might leave the jurisdiction and dispose of marital funds. The emergency hearing was held and resulted in the January 12, 1998 order directing Husband to return funds to the brokerage account. The January 12 order was reiterated in the June 4, 1998 order disposing of both of Wife's motions to reconsider. Subsequently, Wife timely filed her notice of appeal.

## CONCLUSION

For the foregoing reasons we affirm the holding of the family court and order the remaining $150,000 plus accrued interest in the A.G. Edwards account be disbursed to Wife.

**AFFIRMED.**

MOORE, Acting C.J., WALLER, PLEICONES, JJ., and Acting Justice JOHN W. KITTREDGE, concur.