633 S.E.2d 514

**Lisa Rea EDWARDS, Appellant,**

**v.**

**Robert Keith CAMPBELL, Jr., Respondent.**

**No. 26194.**

Supreme Court of South Carolina.

Heard June 21, 2006.
Decided July 24, 2006.

Jim S. Brooks, of Jim Brooks & Associates, of Spartanburg, for Appellant.

J. Edwin McDonnell, of McDonnell & Noll, LLC, of Spartanburg, for Respondent.

Justice WALLER.

This is a direct appeal from the family court's order granting appellant $7,410.28 in past due child support, but denying appellant's other claims, including a request for compound interest on the child support award. We affirm the family court's order in material part. However, because appellant is entitled to post judgment interest, we remand this matter to the family court for a calculation of **simple** post judgment interest on the $7,410.28 award of past due child support.

## FACTS

Appellant Lisa Rea Edwards (Mother) and respondent Robert Keith Campbell, Jr. (Father) married in August 1981 and had two sons, one in July 1982 and the other in January 1985. The parties separated, however, and finalized their divorce in 1990. Pursuant to their separation agreement, Father agreed to pay $576.52 per month in child support beginning November 1, 1990. In addition, the parties agreed that Father would keep health insurance coverage for the two children and pay the children's medical bills.

In 1993, Mother brought a contempt action against Father. After a hearing, the family court ordered Father to pay, *inter*

*alia:* (1) $205.34 for past due medical bills of the children; (2) $1,867.32 for an outstanding MasterCard debt; and (3) $5,077.00 still owed for property division.

The instant case relates to Mother's November 2003 filing of a Rule to Show Cause wherein she claimed Father owed her the following: (1) $38,230.81 in past due child support and alimony; [1] (2) $49,714.15 in unpaid medical bills; (3) $7,830.92 stemming from Father's failure to pay the medical bills and property division items in the 1993 Order; and (4) $24,535.16 in "other child obligations" including expenses for the elder son's three-year attendance at Camden Military Academy.

The family court held a hearing on the Rule to Show Cause in September 2004. Relying on an article published in the *South Carolina Lawyer,*[2] Mother specifically requested that the family court award compound interest for the past due child support and medical bills.

Through her own testimony and exhibits, Mother claimed that Father was $17,390.16 in arrears on child support; with compound interest, she calculated that Father owed a total of $34,831.23 in past due child support. Regarding past due medical expenses, Mother stated that Father owed $5,678.28. With compound interest, Mother calculated that Father owed a total of $11,002.86 for the medical expenses. Mother also testified that Father owed her on the property division and medical bills portions of the 1993 Order, with the addition of post judgment interest. Finally, Mother stated that Father owed her for half of various other expenses for the children, including non-tuition costs associated with the elder son's attendance at Camden Military.

On cross-examination, Mother testified to the following, *inter alia:* (1) her older son turned 18 in 2000; (2) her younger son turned 18 in January 2003; and (3) she collected child support through May 2003. In addition, at the time of the hearing, Mother owed a **substantial** amount of money in

---

1. The parties' separation agreement provided alimony for Mother in the amount of $200 per month. Mother remarried in May 1992.

2. *See* Gregory S. Forman, *Contingency Fees and Interest in Collecting Back Child Support and Alimony,* 14–May S.C. Law. 27 (May 2003) (hereinafter "the Forman article"). Mother submitted the article to the family court as an exhibit.

unpaid taxes.[3] Finally, Mother acknowledged that in the 1993 action, no mention was made regarding any past due child support from 1990 onward; yet in the instant action, she was claiming past due child support from April 1990 through May 2003.

Father testified at the hearing that: (1) he overpaid Mother by at least $20,000 or $24,000; (2) he carried insurance on his sons until they were 18; (3) he usually took the children to the doctor; and (4) he was not given medical bills that he did not pay. Father also testified that although he did not have a record of it, he paid by check within 30 days of the 1993 Order what the court had determined he should pay.

At the conclusion of the hearing, the family court judge indicated she had "credibility issues with both" parties. In the written order, the family court made the following pertinent findings regarding Mother's past due child support claim: (1) Father did not overpay Mother, but "he owes her substantially less than she claims;" (2) the amount owed by Father would begin with February 1993 because no child support delinquency was found in the 1993 Order; (3) Mother was entitled to $67,452.84 in child support; (4) according to Mother's own exhibit, Father paid Mother $55,100.00; (5) because Father never sought a reduction in child support when the older child turned 18 in July 2000, Father would be given a $4,942.56 credit; and (6) therefore, Father owed Mother $7,410.28 in past due child support.

The family court specifically denied Mother's claim for compound interest. In addition, the family court denied Mother's request for medical expenses. Finally, the family court found Mother's testimony was not credible regarding her claim that Father did not pay the medical bills and property division items from the 1993 Order.

The family court ordered that the $7,410.28 owed by Father for past due child support should be paid through the Spartanburg County Clerk of Court "at the rate of $200.00 per month,

---

3. Mother testified that she had a manufactured home sales company but it was no longer in business. Her financial declaration listed that she owed over $214,000 to the IRS and over $116,000 to the S.C. Dept. of Revenue. Father's counsel questioned Mother about $700,000 in recorded federal tax liens.

plus a five percent collection cost for a total of $210.00 per month." Beyond the denial of Mother's request for compound interest, there was no specific mention of post-judgment interest in the family court's order.

## ISSUE

Did the family court err by denying compound interest on the past due child support, or in the alternative, was it error to fail to award simple post judgment interest?

## DISCUSSION

 Mother argues that the family court erred in failing to award "some form" of post judgment interest from the date each child support payment became due. Moreover, Mother claims she is entitled to compound interest, or, if that request is denied by this Court, simple interest at the statutory rate. While the family court correctly denied Mother's claim for compound interest, we agree Mother is entitled to simple post judgment interest.

 It is well-settled that "fixed awards of money for equitable distribution shall accrue interest at the post-judgment rate from the date of the judgment, **or in the case of specified periodic payments from the date each payment becomes due and owing**." *Casey v. Casey,* 311 S.C. 243, 245–46, 428 S.E.2d 714, 716 (1993) (emphasis added). In *Thornton v. Thornton,* 328 S.C. 96, 492 S.E.2d 86 (1997), this Court made clear that while *Casey* involved an equitable division award, the same principle applies to past due alimony and child support. We explained as follows:

Here, Husband was ordered in the 1982 divorce decree to make monthly payments of alimony and child support to Wife. That decree constituted the "judgment" ordering the periodic payments. The fact that Wife had to get a contempt order in 1994 because of Husband's failure to meet his alimony and child support obligations does not mean the 1994 order was the first judgment ordering such payments. To alter the interest requirement in the way Husband suggests would reward Husband for failing to meet his obligations when they were due.

*Id.* at 114, 492 S.E.2d at 96. Thus, the *Casey* principle applies to periodic payments such as child support, and the interest is calculated on each installment from the time each payment became due.[4] *Id.; see also Calhoun v. Calhoun,* 339 S.C. 96, 102, 529 S.E.2d 14, 17 (2000) ("Where the law allows interest as a matter of course, it is unnecessary to make demand for it in the pleadings").

In this case, the family court denied Mother's request for **compound** interest. Mother argues that the pertinent subsection of the post judgment interest statute is "penal in nature" and therefore should be interpreted as providing for compound interest. In addition, Mother argues that based on the statutory language in effect at the time these child support judgments came due, the interest should be compounded annually. We disagree.

Section 34–31–20(B) of the S.C.Code provides for post judgment interest. Prior to 2001, the legal post judgment interest rate was "fourteen percent **per annum;**" the statute was amended in 2000, and as of January 1, 2001, the rate became "twelve percent **a year.**" S.C.Code Ann. § 34–31–20(B) (1987 & Supp.2000) (emphasis added).

Mother contends that because of two late nineteenth-century cases, the above-emphasized language in the statute means that the interest should be compound, rather than simple. See *Bowen v. Barksdale,* 33 S.C. 142, 11 S.E. 640 (1890); *Carolina Sav. Bank v. Parrott,* 30 S.C. 61, 8 S.E. 199 (1888). The *Parrott* and *Bowen* cases, however, are inapposite to the issue of whether the language of the post judgment interest statute authorizes compound interest.[5] Instead, we believe

---

4. We note, however, *Casey's* emphasis on the fact that the family court retains considerable discretion regarding the award of interest:

We leave intact the family court's broad discretion to provide for the payment of interest as part of the equitable distribution award. Thus, the family court may provide for the amortization of payments with a rate of interest different from the post-judgment rate or deny interest · altogether on payments due at a future date.... Where, however, no contrary provision is made by the decreeing court, a domestic money judgment bears post-judgment interest at the statutory rate.

*Casey,* 311 S.C. at 246, 428 S.E.2d at 716.

5. The *Parrott* case indicates that charging "interest upon interest" at a rate above the usury law might be permissible in a written agreement

that if the Legislature intended for interest to be compounded in a certain way pursuant to Section 34–31–20(B), "it could have plainly said so." *Buist v. Huggins,* 367 S.C. 268, 277, 625 S.E.2d 636, 640 (2006) (finding that charging a flat rate of interest on redeemed properties was intended where the statute did not specify that the interest be compounded).

Indeed, we note that the Legislature amended Section 34–31–20(B) just last year, and this section now provides as follows, in pertinent part:

A money decree or judgment of a court enrolled or entered must draw interest according to law. The legal rate of interest is equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus four percentage points, **compounded annually**. . . . This section applies to all judgments entered on or after July 1, 2005.

S.C.Code Ann. § 34–31–20(B) (Supp.2005) (emphasis added).

Given that the Legislature has only recently expressed a clear intent that post judgment interest be "compounded annually," the family court properly denied Mother's request for compound interest. *See Buist, supra,* (if Legislature had intended certain result in statute, it would have said so); *see also Hainer v. American Med. Int'l, Inc.,* 328 S.C. 128, 134, 492 S.E.2d 103, 106 ("This Court cannot construe a statute without regard to its plain and ordinary meaning, and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope.").

In sum, the family court did not err in denying Mother's request for compound interest. However, because the post

---

between two private parties without violating the usury law, but it would not be appropriate for a bank to charge above the statutory usury rate. Stated another way, a bank is allowed to compound interest annually on a loan, as long as this is specifically stated in the contract and the rate does not exceed the usury law. *See Tate v. Lenhardt,* 110 S.C. 569, 96 S.E. 720, 722 (1918) (after *Parrott,* it became the common practice for banks and money lenders to **expressly** agree to compound interest). Similarly, the *Bowen* case involved an issue regarding the rate of interest a promissory note should bear **after** maturity of the obligation. *Bowen* stands for the proposition that private parties may expressly agree to a rate of interest that is higher than the statutory rate, and also may contract to have the interest compounded.

judgment interest statute applies to family court judgments relating to periodic payments such as child support, Mother is entitled to post judgment interest from the date each child support payment came due. *See Thornton, supra; see also Casey, supra* (where no contrary provision is made by the family court, a domestic money judgment bears post judgment interest at the statutory rate).

Accordingly, we remand this matter to the family court to calculate simple post judgment interest on the $7,410.28 child support award.

## CONCLUSION

We hold Mother is entitled to simple post judgment interest on the $7,410.28 award of past due child support. Therefore, we remand this matter to the family court for a calculation of post judgment interest from the time each payment became due. *See Thornton; supra; Casey, supra.*

**REMANDED.**[6]

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

**6.** Appellant's remaining issues are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issues 3 and 4: *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005) (this Court is not required to ignore the fact that the family court judge, who actually saw and heard the witnesses, was in a better position to evaluate credibility and assign comparative weight to the witnesses' testimony); *Stevenson v. Stevenson*, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981) (this Court's broad scope of review in family court cases does not require the Court to disregard the family court's findings, and it does not relieve the appellant of the burden of convincing this Court that the family court committed error).